City of Elk Point vs. Vaughn.

## CITY OF ELK POINT V. VAUGHN.

*1. MUNICIPAL CORPORATIONS:* POWER TO CREATE: CONGRESSIONAL RESTRICTIONS. The Act of Congress, approved March 2d, 1867, which provides that the Legislative Assemblies of the several Territories shall not grant private charters or especial privileges, has no application to municipal corporations.

*2. ——: ——: ——.* The City of Elk Point is a public corporation, and the term "especial privileges" refers to the granting of monopolies, such as ferries, trade marks, the exclusive right to manufacture certain articles, or carry on certain business in a particular locality to the exclusion of others. And the granting of a public charter does not confer any especial privilege within the meaning of that act.

*3. ——: ——:* POWERS. The authority to pass by-laws and to regulate the internal affairs and policy of a municipal corporation are incident to its existence.

*4. ——: ——:* ORGANIZATION: VALIDITY. The validity of a corporate organization cannot be questioned in a prosecution for the violation of one of its ordinances. Evidence that the corporation is acting as such is all that is required.

*5. ——: ——:* INTOXICATING LIQUORS: SALE: POWER TO LICENSE. In the absence of controlling general legislation respecting the sale of intoxicating liquors, it is competent for cities and towns to require a corporate license of persons who may desire to sell such liquors, and to punish persons selling without license. The powers exercised by municipal corporations are superadded to those exercised by the Territory in the same locality.

*6. ——: ——:* ORDINANCE: VALIDITY. To render the whole ordinance void the good and bad parts must be essentially and inseparably connected in substance. If omitting the void part, that which remains is complete in itself and capable of being executed, it must be sustained.

*7. ——: ——: ——: ——.* The validity of an ordinance is a question for the court, and evidence tending to show that the amount of the license is unreasonable, should be excluded from the jury.

*8. ——: ——:* DISCRETIONARY POWERS: ABUSE. Municipal corporations are clothed with large discretionary powers in relation to police matters, and courts will not interfere with the exercise of these powers, except in clear cases of abuse.

*9. COUNTY LICENSE:* SALE UNDER: DEFENSE. County license is no bar to a prosecution for the violation of a city ordinance punishing the sale of intoxicating liquors without a city license, and such county license was properly excluded when offered in evidence on the trial. The sale of intoxicating liquors without a county license is a separate and distinct offense.

*10. INTOXICATING LIQUORS:* SALE ON THE SABBATH: PUNISHMENT. The sale of intoxicating liquors on the Sabbath without a city license, is a violation of an ordinance requiring such license, for which the offender may be prosecuted, notwithstanding the same act may be a violation of the Territorial law, and the party be liable to punishment thereunder.

*Appeal from Union County District Court.*

THIS action was instituted by the city of Elk Point, a municipal corporation, created by special charter, against the defendant, for an alleged violation of an ordinance of said city, prohibiting the sale of intoxicating liquors without a city license. The action was tried before the city justice, defendant found guilty and sentenced to pay a fine of fifty dollars, from which defendant appealed to the District Court. Trial was there had to a jury, which resulted in a verdict of guilty. Motions for a new trial and in arrest of judgment were made, and overruled by the court *pro forma*, to which ruling defendant excepted. Judgment was pronounced on the verdict, and defendant appeals.

*E. W. Miller* and *Joy & Wright*, for appellant.

The act incorporating the city of Elk Point, approved January 10, 1873, under which said ordinance was passed is void, for that the laws of the United States, prohibit the Territorial legislature from conferring especial privileges upon any municipal corporation. (U. S. Statutes at Large, Vol. 14, page 426, approved March 2d, 1867; 1 Dillon on Mu. Cor., § 18, note 1, §§ 19, 20, note 1.) The defendant on the trial offered to prove that at the time said incorporation act was passed, and at the time of the passage of said ordinance, he held a license from the proper authorities of Union county, to sell liquors by the measure, under the provisions of the general laws of the Territory. This evidence the court excluded, which we urge was error. It is a well established doctrine, sustained by numerous decisions, that when there are general laws of the State or Territory respecting the sale of intoxicating liquors, a corporation, city or town therein is not authorized to pass an ordinance requiring a corporate license and punish persons selling, without a license from said corporation; and this is so even when there is a general power in the corporation to make by-laws and pass ordinances to preserve the peace, good order, etc. (Dillon on Mu. Cor., § 298, and cases cited in note; *Commonwealth v. Turner*, 1 Cush.,

493; *United States v. Hart*, Pet. C. C., 390; *Thompson v. Carroll*, 22 Howard, 422; *Commonwealth v. Dow*, 11 Met., 382; *Savannah v. Hussey*, 21 Ga., 80.) It is equally well settled that where the commission of an act is an indictable offense under the general laws of the United States, a municipal corporation has no power to impose a penalty for the commission of a similar act. (Dillon on Mu. Cor., 313, and cases cited in note.) Under the theory of the prosecution defendant could be prosecuted for the commission of the same act under said ordinance on the one hand, and the general laws of the State on the other. If the defendant was indicted for an offense under the laws of the Territory, we hold he could not plead his acquittal or conviction on a trial had under and by virtue of said ordinance, in bar. And if he could not, he would be subject to be tried twice for the same offense. (*City of Burlington v. Keller*, 18 Iowa, 65; Dillon on Mu. Cor., §§ 263, 302, and par. 3, 5, 6, 7 and 9, to note 1; Cooley on Const'l Lim., 200, note; 9 Mo., 692; 2 Doug. (Mich.) 334.) The city could pass no ordinance except what the incorporation act itself gave them the authority to do by express terms. Subdivision 4, § 10, is the only provision in that incorporation act relative to the levy and collection of license from liquor dealers. It provides that there shall be a tax collected. There is no provision anywhere in that act or any other which gives the power, express or implied, to enact the ordinance punishing parties for their failure to obtain license. (Cooley. on Const'l Lim., 194-5; Dillon on Mu. Cor., § 354, and note; *City of Mt. Pleasant v. Breeze*, 11 Iowa, 400; *City of Burlington v. Keller*, 18 Iowa, 65; Sedgwick on Statutory and Const'l Law, 473.)

*Alex. Hughes*, for appellee.

The charter of a municipal corporation is its organic act. (1 Dillon on Mu. Cor., § 53.) The powers of a municipal corporation are of three classes, as follows:

1. Those granted in express terms.

2. Those necessarily or fairly implied in or incident to the powers expressly granted.

City of Elk Point vs. Vaughn.

3. Those essential to the declared objects and purposes of the corporation, or those powers which they derive from a general grant of authority. (1 Dillon on Mu. Cor., § 55.)

There is a marked distinction between the grant of a power to do a specified act, and the power incident to a corporation, or those powers derived from a general grant of authority. (1 Dillon on Mu. Cor., §§ 262, 302, 298, (note) 250, (note) 253, 254.) Where the State provides a special law for corporations, or authorizes them to provide special regulations for themselves, there is no conflict between ordinances and statutes. (1 Dillon on Mu. Cor., §§ 301, 302, 298, 299; 1 Wend., 261; Cooley, 199, and note; 4 Denio, 341; 36 Ills., 305; 12 Ind., 584.) It is competent for the legislature to delegate to municipal corporations the power to regulate, restrain and even suppress particular branches of business, if deemed necessary for the public good. (1 Dillon on Mu. Cor., §§ 95, (note) 128, (note 1); Cooley, 198, and note on page 399; 4 Denio, 346.) In prosecutions to enforce ordinances, the illegality of the corporate organization cannot be shown to defeat a recovery in such a collateral proceeding. Evidence that the corporation is acting as such is all that is required. (1 Dillon on Mu. Cor., § 357; 23 Ills., 439; 46 Ills., 10; 10 Iowa, 235 50; Ills., 39.) The Act of Congress of March 2, 1867, has no application to public corporations. (1 Dillon, § 9 and note 1, and §§ 18, 19.) The granting of a public charter does not confer any " especial privilege " within the meaning of the Act of Congress. (1 Dillon, § 9; also ibid. 82, note 3; Cooley, 188, 189, 190, and note 1.) The imprisonment clause in an ordinance is not an essential part of the ordinance; it may. be omitted, and the ordinance be complete, without it. An ordinance may be good in part and void as to the residue. (18 Iowa, 66; 1 Wend., 261; 50 Ills., 41; 36 Ills., 416.) A statute authorizing expressly a city council to levy and collect a license tax on liquor sellers, saloon keepers, etc., is intended as a police regulation, and embraces the power to regulate, and restrain the traffic by charging a license tax. (29 Iowa, 123; 1 Dillon, §§ 291, 79, 93; 16 Wis., 566 and 298; 12 Minn., 41; 11 Mich., 43; 13 Ills., 577; 50 Ills., 69; 2 Bishop's Crimi-

nal Law, §§ 1152, 1153.) Courts will not interfere with the exercise of the discretionary power lodged in a municipal corporation, unless a clear case of abuse is presented. (2 Penn., 29; 1 Dillon, § 261, note and §§ 59, 299; 44 Mo., 550; 1 Hill, 362; Cooley, 582.) In fixing the amount of the license tax, when not limited by the charter, the city council exercises a legislative discretion, and that discretion is not subject to judicial review. (19 Wend., 79; 15 Barber, 193; 7 Cowen, 349, and 604; Cooley, 208; 2 Iowa, 282.) A person who holds a license is bound by any subsequent legislation upon the subject, to which thereafter he must conform. (2 Bishop's Criminal Law, §§ 1130, 1132; Cooley, 584, and notes.) The court did not err in excluding county license when offered in evidence. (36 Ills., 305; 1 Wend., 261; 12 Ind., 584; 4 Denio, 341.)

KIDDER, J.—This case comes before us on an appeal from the District Court of Union county. It is for a violation of City Ordinance No. 17. It was tried first before a justice of the peace, by whom the defendant was convicted, when an appeal was taken to the District Court.

The information alleges, that the defendant sold one gallon of spirituous liquor, by measure, to one B. M. Brink, on the 26th day of July, 1874, without license or lawful authority to make such sale, and contrary to said ordinance.

The *first* section of this ordinance makes it unlawful for any person or persons, by agent or otherwise, to keep any tippling shop, dram shop or saloon in the city of Elk Point, or to sell, barter, exchange, or give away, or in any manner dispose of spirituous, vinous, or malt liquors, by the drink, or to be drank in, upon, or about the premises where sold, or in any place of public resort in said city.

The *second* and *third* sections make it unlawful to sell, barter, exchange, or give away spirituous, vinous, or malt liquors, by measure, in said city, without first obtaining a license from the proper city authorities, which license permits the person to whom it is issued to sell said liquors by measure at one place of business in said city, for one year from the first day of July succeeding the date of its issue.

It is also provided therein, that the party applying for such license shall pay the sum of five hundred dollars therefor to the treasurer of the city.

The appellant was convicted in the District Court, and sentenced to pay a fine of seventy-five dollars, and to stand committed to the city jail until said fine should be paid.

The appellant insists that this ordinance is void for several reasons:

1.   That the act incorporating the city of Elk Point, approved January 10th, 1873, in pursuance of which this ordinance was passed, is void on the ground that the Act of Congress, approved March 2d, 1867, provides, that " the Legislative Assemblies of the several Territories, shall not, after the passage of this act, grant private charters or especial privileges."

This act, in our judgment, has no application to this case. The city of Elk Point is a *public* corporation.   (1 Dillon, § 9 to 19, and note.)   The term " *especial privileges* " refers to the granting of monopolies, such as ferries, trade marks; the exclusive right to manufacture certain articles, or to carry on certain business in a particular locality to the exclusion of others.   The granting of a public charter does not confer any " especial privileges" within the meaning of this act.   To construe it otherwise would deny the power of the legislature to create a township, or a county.   The authority to pass by-laws and to regulate the internal affairs and police of a municipal corporation are incident to its existence.

Indeed, it seems that it is unnecessary to discuss this question further, if we rely upon authorities which go so far as to settle the question, that the *validity* of a corporate organization cannot be questioned in this action.   Evidence that the corporation is acting as such is all that is required.   (23 Ills., 439; 46 Ills., 10; 50 Ills., 39; 10 Iowa, 235; 1 Dillon on Mu. Cor., § 351.)   But we will examine the questions presented.

2.   It is also claimed that the ordinance is repugnant to and in violation of the laws of the Territory.

It is well settled by authority, that in the absence of controlling general legislation respecting the sale of intoxicating liquors, it is competent for cities and towns to require a corporate license of persons who may desire to sell such liquors, and to punish persons for selling the same without license from the proper authorities. The powers exercised by a municipal corporation are superadded to those exercised by the Territory in the same locality. (The Twelfth Ind., 584; 1 Wend., 261, and cases there cited; 36 Ills., 305; 4 Denio, 341; Cooley on Const'l Lim., 198–9, and notes; 1 Dillon, § 298 to 302, and notes on page 376; *Com. v. Turner*, 1 Cush., 493; and *Com. v. Dow*, 10 Met., 382,) are cited by the counsel for the appellant, and are relied upon to sustain him. These authorities decide, generally, that a corporation by virtue of a *general welfare* clause in its charter cannot further regulate the sale of intoxicating liquor where the subject is *fully* provided for by the laws of the State. The statutes of Massachusetts, under which many of these decisions were made, conferred but very limited powers on the corporations. There is a wide distinction between the grant of a power to pass ordinances upon specified and enumerated subjects, and the authority derived from the *general welfare* clause usually inserted in municipal charters. (1 Dillon, § 250, and notes; note 1, page 366, and §§ 253–4.)

Subdivision 4 of section 10 of the charter of the city of Elk Point, expressly authorizes the city council to levy and collect a license tax on liquor sellers and saloon keepers.

Chapter 30 of the laws of 1867–8 authorizes the county commissioners of their respective counties to collect a license on the sale of liquors in quantities of less than one quart. There is no conflict between this ordinance and the act referred to. Both are intended as police regulations. The former by virtue of the police power of the Territory, and the latter by virtue of the police power of the corporation. The authority to act in each case is given by the laws of the Territory.

The county license taken out by the appellant is no bar to a prosecution under this ordinance, and was properly ex-

cluded when offered in evidence on the trial in the District Court. But it is urged that the county license is a contract in which the appellant had vested rights which could not be taken from him by subsequent legislation. This question has been settled by numerous decisions: a license to sell liquor is not a contract, but simply a permit to do that which it was unlawful to do without it. (Cooley on Const'l Lim.)

A person who has a license to sell liquor is bound·by subsequent legislation upon the subject. (37 Maine, 517; 29 ibid, 442; 1 Ohio State, 15; 38 N. H., 225; 18 Missouri, 515; 26 ibid, 171; 28 ibid, 14, 19; Cooley on Const'l Lim.)

3. It is claimed that the sale of liquor without a county license is an indictable offense, and that when a sale is indictable pursuant to the laws·of the Territory, a municipal corporation has no power to impose a penalty for the same act.

The sale of liquor without a county license is not an indictable offense under the statutes of this Territory. Chapter 30 of the laws of 1867–8, and chapter 25 of the laws of 1872–3 prescribe the penalty for selling liquor without a county license.

Justices of the peace have exclusive jurisdiction of all misdemeanors where the maximum punishment fixed by law does not exceed a fine of one hundred dollars, or imprisonment in the county jail 30 days, or both such fine and imprisonment. The maximum punishment fixed by law for this offense is a fine not exceeding one hundred dollars. But selling liquor without having taken out a county license is a separate and distinct offense from selling liquor without the license provided for by the ordinance under which this action was brought. The county of Union and the city of Elk Point are each expressly authorized to require a license for the sale of liquor. The authorities cited by the appellant on this point refer to cases where municipal corporations prescribe an additional penalty to the State law for acts that were *essentially* criminal, and were offenses at common law as assault and battery, larceny, etc. They do not decide that municipal corporations cannot make necessary and reason-

able police regulations, and enforce the same by reasonable penalties. It is a power incident to the creation of these corporations.

4. Section six of said ordinance provides, that any person who shall offend against this ordinance or any of the provisions thereof shall be punished by a fine of not less than $50, nor more than $100, and by imprisonment in the county jail not to exceed thirty days. The appellant insists that the authority to punish a violation of this ordinance by *imprisonment* was not conferred by the charter, and that the ordinance is for this reason void. It is conceded that the sentence of the District Court is authorized by the charter and ordinance. The *charter* does not confer the power to punish a violation of this ordinance by imprisonment (except that the defendant may be committed until the fine is paid) and to this extent the ordinance is void; but the whole ordinance is not void because the penalty imposed is in excess of that which is authorized by the charter. An ordinance may be good in part and void as to the residue. To render the whole ordinance void, the good and the bad parts must be *essentially* and *inseparably* connected in *substance*. If omitting the void part that which remains is complete in itself and capable of being executed it must be sustained. (18 Iowa, 66; 1 Wend., 261; 50 Ills., 41; 36 ibid, 416; Cooley on Const'l Lim., 177–8 and 188; 3 Nevada, 180; 1 Dillon on Mu. Cor., § 354.) The imprisonment clause is not an *essential* part of this ordinance. It may be stricken out and the same is complete without it.

5. The appellant insists that the ordinance is void because the amount of the license is unreasonable and amounts to a prohibition, and that the authority to license the sale of spirituous liquor was not conferred by the charter. The legislature in conferring the power on the city council to levy and collect a license tax on liquor sellers, saloon keepers of any kind, and dram shops, manifestly intended this power to be exercised as a police regulation—as a restriction and regulation of the business, and not an ordinary tax for revenue only. It appears from the whole act that this was the object and purpose which was intended to be accomplished; and an

act of incorporation, like any other act, should be construed in such a manner as will best answer the intention of the legislature. The Organic Act of the Territory requires all taxes to be uniform, but a license is not a tax in the constitutional sense of the term requiring uniformity of taxation. (16 Wis., 298; ibid, 566; 46 Ills., 39; 3 ibid, 355; 1 Dillon, notes to § 291; 1 Dillon, notes on page 394, and cases there cited.)

In fixing the amount of the license a distinction is to be made between those trades and employment which are useful, and those that are obnoxious to the health and morals of the community. The legislature must exercise its judgment concerning what acts tend to corrupt the public morals, impoverish the community, disturb the public repose, or even impair the comfort of individual members. It has assumed that the traffic is hazardous to the morals and best interests of society, and, therefore, has clothed the corporation with extensive powers in this regard. It is expressly authorized to suppress and prohibit dram shops and saloons where liquor is sold by the drink. The council is not restricted by the charter, or any other statute in determining the amount of the license. It is left largely to their discretion. The Supreme Court of Pennsylvania, say: " That where a municipal legislature has authority to act, it must be governed not by our discretion, but its own, and we shall not be hasty in convicting them of being unreasonable in the exercise of it." (2 Penn., 291.) Again, the Supreme Court of Missouri, say: " In assuming the right to judge of the reasonableness of the exercise of corporate power, courts will not look closely into matters of judgment where there may be a reasonable difference of opinion. A strong case should be made to authorize an interference on this ground. (44 Missouri, 550.) In uocsidering this subject the Supreme Court of New York, say: "In respect to the legislative functions of a municipal body, the courts are bound to presume that they will exercise any discretion with which they are clothed properly, and that they are bound to presume that they have sufficient reason for doing an act the result of such discretion." (1 Hilton, 362; 15 Barber, 193; 19 Wend., 79 and 99; 7 Cow., 596; Cooley

on Const'l Lim., 207–8; 1 Dillon, §§ 58 and 59, and notes.) In exercising the discretion with which they are clothed the council may properly take various matters into consideration, and where their action is not limited and controlled by statute a large discretion must necessarily be exercised. The mayor and council are elected from the body of the corporation, and it is supposed they are selected with a view to their fitness for the positions. They are familiar with the wants of the municipality and are better prepared to judge of the amount of the license which should be required than the court. We do not decide that a court should not, in *any case*, interfere, but we do not feel justified in deciding that the city council of Elk Point abused the discretion with which they were clothed in fixing the amount of the license tax at $500. There may be instances where such discretion might be so grossly and manifestly abused, that courts might be called upon to pronounce its existence an usurpation; but when such a case shall arise, it will be the time to dispose of it by proper adjudication.

6. The appellant on the trial in the court below offered to introduce evidence *to the jury* to show the amount of sales of liquor in the city of Elk Point, and the profits thereon per annum, and also the population of the city and county of Union. This evidence was excluded by the court, and this ruling is assigned as error. The validity of an ordinance is a question for the court, and evidence to the jury to show that the amount of the license is unreasonable was properly excluded. (1 Dillon, § 261, and cases there cited.) In a case in the 12 Minn., 41, wherein the question was in relation to the validity of " an ordinance regulating and licensing butchers' shops," etc., the court say, " if it " (the ordinance) " be oppressive, the remedy, as in many other cases, lies with the legislature or common council." Again, they say: " We think the testimony offered,"—it being strikingly analogous to this—" for the purpose of showing the amount of license reasonably necessary to regulate the business in which the appellant was engaged, was properly rejected."

7. The appellant insists that because the plaintiff could

not authorize the sale of liquor on Sunday, (the sale in this case having been made on that day) it cannot make the sale of liquor in the city on Sunday an offense and prescribe a punishment therefor by ordinance.

This argument is based upon the theory that the city cannot make an act punishable which it is not empowered to authorize or make legal.

Chapter 25 of the Statutes of 1863-4, page 62, Sec. 2, prohibits the sale of liquors " on the Sabbath day or Sunday," and prescribes a penalty for its violation. This law was passed by virtue of the *police* power vested in the Legislative Assembly of the Territory. The municipality of the city of Elk Point is also vested with a police power, and is authorized by its charter to prohibit and regulate the sale of liquors. The defendant violated the laws of the Territory, and also the city ordinance in selling on Sunday, and was liable to a prosecution therefor under either or both. They are separate and distinct offenses—one against the statute of the Territory, the other against the ordinance of the plaintiff.

The city cannot authorize or make legal the sale of liquors therein because the Territorial law prohibits the sale without a license from the county; yet it is competent for the city to further regulate and even prohibit the sale by the drink.

To illustrate: The sale of liquors is not allowed on election days, or to minors. Suppose the testimony had disclosed that the sale was made on election day, or that the vendee was a minor, would not the defendant have been liable under the ordinances?

The same act may constitute two offenses and the defendant be liable to a punishment for both. Selling liquor on the Sabbath day is an offense against the peace and dignity of the people of the Territory, and is likewise a violation of the ordinance.

The ordinance makes it unlawful to sell liquor *in any manner* in violation of its provisions. If the defendant had taken out a city license, he *then* would have been liable under the Territorial statute, but not under the ordinance.

No error being apparent in the record, the judgment of the court below is                                        AFFIRMED.