STATE EX REL. WILCZEWSKI, Appellant, vs. COMMON COUNCIL OF THE CITY OF MILWAUKEE, Respondent.

*December 9, 1913—January 13, 1914.*

*Intoxicating liquors: Revocation of license: Proceedings before common council: Defects, when disregarded: Amendments: Hearing in committee of the whole: Evidence: Record.*

1. In proceedings before a city council to revoke a liquor license defects or imperfections in mere matters of form, at any stage of the proceedings, having no tendency to prejudice the defendant are to be disregarded; and where the person and the case may rightly be understood by the tribunal, amendments may be ordered curing such defects.

2. The hearing in such a proceeding may be had before the council sitting in committee of the whole, the final action being taken by the council in regular session.

3. The evidence taken in such a proceeding need not be made matter of record, it being sufficient that the resolution embodying the action of the council recites that evidence was taken and proof submitted.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

In an action of *certiorari* brought to reverse the action of the *Common Council of Milwaukee* in revoking the relator's saloon license, the revocation was affirmed and the relator appeals. It appeared by the return that the original complaint in the proceedings to revoke the license was made by a police officer of Milwaukee, and charged that

"*Frank Wilczewski,* who is licensed by the city of Milwaukee to sell strong, ardent, spirituous, and malt liquors, subject to the laws of the State of Wisconsin and regulations of the *Common Council of the City of Milwaukee,* at 722 Seventh avenue, Eighth ward, in said city, which license is at the present time in force and effect, on or about the 3d day of February, 1913, was arrested for selling liquor to minors in the place above mentioned, namely, to John Palowski, aged nineteen years, and on February 17, 1913, the case against *Frank Wilczewski* was nolled, as it was shown that he was not in the saloon at the time the young man was there; that his wife, Anna Wilczewski, was in charge of the place and served the drinks; thereupon the city attorney issued a warrant against Anna Wilczewski, charging her with selling liquors to the minor, John Palowski, aged nineteen years, to which a plea of *nolle contendere* was entered on the 17th day of January, 1913, and she was fined twenty-five ($25) dollars and costs; that said sale was made without the written order of the parents or guardian of said John Palowski."

It further appeared that a summons was issued on this complaint, that the relator appeared before the *Council* in obedience thereto and objected to the sufficiency of the complaint, whereupon an amended complaint was permitted to be filed in which it was alleged that

"*Frank Wilczewski,* who was duly licensed by the city of Milwaukee to sell strong, ardent, spirituous, and malt liquors, subject to the laws of the State of Wisconsin and regulations of the *Common Council of Milwaukee,* at 722 Seventh avenue, Eighth ward, in said city, which license is at the present

time in force and effect, did, on the 31st day of January, 1913, sell intoxicating liquors, to wit, wine, to a minor, namely, John Palowski, age nineteen years, at his place above named, without the written consent of parents or guardians of said John Palowski."

Thereupon the *Council* resolved itself into a committee of the whole, and after hearing the evidence reported to the *Council* for passage a resolution to the effect that the complaint was found to be true and that the license was revoked, which resolution was adopted by the *Council*.

The cause was submitted for the appellant on the brief of *Gilbertson, Lehr, Reitman & Kiefer,* attorneys, and *J. Elmer Lehr,* of counsel, and for the respondent on that of *Daniel W. Hoan,* city attorney, and *Eugene L. McIntyre,* special assistant city attorney.

WINSLOW, C. J.    This court, after full consideration of the subject, held in *State ex rel. McKay v. Curtis,* 130 Wis. 357, 110 N. W. 189, that in such proceedings as the present defects or imperfections in mere matters of form at any stage of the proceedings having no tendency to prejudice the defendant are to be disregarded, and that where the person and the case may rightly be understood by the tribunal amendments may be ordered curing such defects.

Applying this rule to the present case, it is plain that the revocation of the license was properly ordered.

The first complaint filed before the *Council* was inartificially drawn, but 'it stated the fact under oath that there had been a conviction of the person in charge of the relator's saloon for unlawfully selling liquor to a minor, and that revocation of the relator's license was desired. Probably this was sufficient under sec. 1558, Stats., but in any event the amendment curing the defect was entirely proper under the principles above stated, because there is no doubt but that "the person and the case" must have been rightly understood by the tribunal.

The claim that the hearing could not be rightly had before the committee of the whole must be rejected. The difference between a legislative or an administrative body sitting in committee of the whole and in regular session is a difference rather in name than in nature. The whole body is present in both cases. For convenience in matters calling for deliberation, debate, or consultation the body resolves itself into the committee of the whole, but when these purposes have been accomplished and definite legislative or administrative action is to be taken, it resumes its sittings as a legislative or administrative body and takes such action. That is what was done in the present case and no sound reason occurs to us why it should be even criticised. The relator has had his hearing before the proper body in either case, and the final action was taken by the *Council* in regular session.

The objection that the return does not show what testimony was taken cannot prevail. The resolution recites that evidence was taken and proof submitted, and the statute does not require that the evidence shall be made matter of record.

*By the Court.*—Judgment affirmed.