MURPHY LIQUOR COMPANY, Appellant, v. MEDBERY et al., Respondents.

(153 N. W. 654.)

(File No. 3715.   Opinion filed July 16, 1915.)

1.  Statutes—Constitutionality—Special Legislation—Municipal Corporations—Classes—Commission Government.

In a suit to enjoin city commissioners from revoking a liquor license, held, that Laws 1907, empowering city commissioners to revoke liquor licenses, is not in violation of Const., Art. 10, Sec. 1, providing that the Legislature shall provide by general laws for organization and classification of municipal corporations; it being immaterial therein whether the laws applicable to one class of municipal corporations are applicable to other classes; it is sufficient if they apply to all municipal corporations of a given class.

2.  Statutes—Constitutionality—Title of Act, Immateriality of Question Under Preceding Statute.

Laws 1907, Ch. 74, Sec. 2, empowering city commissioners to revoke liquor licenses for violation of law or ordinances, having been superseded by Laws 1913, Ch. 119, Sec. 53, Subd. 79, containing similar provisions, held, it is immaterial whether the title of the former act was insufficient under Const. Art. 3, Sec. 21.

3. **Intoxicating Liquors—Revocation of License—Enjoining Revocation—Revocation for "Violation," Necessity of Judgment of Conviction "License," Distinct from "Contract."**
Under a city ordinance providing that the city council reserved power to revoke any license granted, upon returning to the licensee the money paid for the unexpired term, and Laws 1913, Ch. 119, Sec. 53, Subd. 79, providing that city commissioners may revoke liquor licenses for violation of state laws or city ordinances, held, in a suit to enjoin a city council from revoking such a license, that, plaintiff licensee having violated both state law and city ordinance by selling intoxicating liquor to minors, the city council had power to determine for itself whether a cause for revocation of the license existed, and could revoke the license without a previous judgment of conviction of the offense, since, where the statute directs revocation of a license upon conviction there must have been such final judgment, conclusively establishing guilt, but when the cause of revocation is specified as a "violation" of the laws, the licensing authorities may act upon other evidence than a judgment of conviction; the license being simply a permit, and not a contract; and the order appealed from, vacating an order temporarily restraining the commission from revoking the license, is affirmed.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by the Murphy Liquor Co. against John D. Medbery and others, to enjoin the city commission of the city of Huron from revoking a liquor license. Upon hearing of a motion for temporary injunction, it was denied, and a temporary restraining order vacated. Plaintiff appeals from the order denying the temporary injunction and vacating the restraining order. Affirmed.

*C. A. Kelley, and James Byrnes,* for Appellant.

*A. K. Gardner,* and *Irwin A. Churchill,* for Respondents.

(3) Under point three of the opinion, Appellant cited: Secs. 2380, 2854, Pol. Code.

Respondent cited: Ch. 119, Laws of 1913, Sec. 53, Par. 79; Ch. 86, Laws 1907, Subd. 79, Sec. 54; Sec. 2, Ch. 94, Laws 1907; Secs. 21-25, Ch. 72, Laws 1897; Secs. 2854-2858, Pol. Code of 1903; Sec. 81, Art. 5, Pol. Code; Sec. 9, 79, Ch. 86 Laws 1907; Sec. 9, Ch. 119, Laws 1913; Sec. 2852, Pol. Code; Ch. 256, Laws 1913; Pol. Code, Secs. 1546, 2839; City of Elk Point v.

Vaughn, 1 Dak. 108; McCormick v. Pfeifer, 19 S. D. 269; Ordinance No. 34, City of Huron, Sec. 5; Secs. 81, 1546, Pol. Code; Laws 1913, Ch. 119, Sec. 79, par. 53; 23 Cyc. 157; Baldacchi v. Goodlet, (Tex.) 145 S. W. 325; State v. Seebold, (Mo.) 91 S. W. 491; State v. Dykeman, (Mo.) 134 S. W. 120; Herandes v. State, (Tex.) 135 S. W. 170; Child v. Bemis, (R. I.) 21 Atl. 539; Wallace v. Reno, (Nev.) 73 Pac. 528.

Respondent submitted that: Appellant is not entitled to an injunction; and cited: State ex rel., etc., v. Duluthy, (Minn.) 147 N. W. 820; State ex rel., etc., v. Curtis, (Wis.) 110 N. W. 189; Vogel v. Rawley, (Neb.) 123 N. W. 1037; Kinney v. Howard, 110 N. W. 282; 22 Cyc. 175, 808-809.

GATES, J.  A license for the sale of intoxicating liquors in the city of Huron, a city under the commission form of government, was granted to plaintiff, a corporation, for the year ending June 30, 1915. On October 12, 1914, a petition was filed with the city auditor, setting forth the violation of law by plaintiff in selling and giving intoxicating liquor to minors for use as a beverage. Thereupon the plaintiff was cited to appear before the board of commissioners of said city and show cause why, for those reasons, its license should not be revoked and canceled. Prior to the return day, the plaintiff instituted this injunction proceeding, and secured a temporary restraining order, restraining the defendants, mayor and commissioners, from interfering with its business and from canceling said license. Upon the hearing of a motion for a temporary injunction, the same was denied, and the temporary restraining order vacted. Therefrom the plaintiff has appealed.

It is appellant's claim that the license cannot be revoked by the city commission until it is first convicted of the violation of law, that chapter 94, Laws 1907, violates section 21, art. 3, of the Constitution, in that the subject of intoxicating liquors is not expressed in its title, and that such law is special legislation, in that it simply applies to cities under commission. None of appellant's contentions is sound.

[1] Under the provisions of section 1, art. 10, of the Constitution, it is immaterial whether the laws applicable to one class of municipal corporations are applicable to other classes.

It is sufficient if they are applicable to all municipal corporations of that class.

[2] Section 2, c. 94, Laws 1907, is superseded by subdivision 79, § 53, c. 119, Laws 1913. So it is unimportant whether the title to the former act is sufficient or not. The latter subdivision is as follows:

"To regulate in such manner as may not be inconsistent with the laws of this state, the sale of spirituous, vinous, fermented, or other intoxicating liquors at retail, and to revoke licenses granted for the sale of such liquors for the violation of the provisions of any state law, or of and city ordinances, and to establish districts within which licenses may be granted for the sale of such intoxicating liquors at retail."

Section 5 of ordinance 34 of the city of Huron provides:

"Sec. 5. The city council hereby reserves the power at any time, upon a vote of two-thirds of the members elect, to revoke any license granted, upon returning to the party whose license is revoked the money paid for the unexpired term for which the license has been paid."

[3] It is a violation of both state law and an ordinance of the city of Huron for the plaintiff to sell or give intoxicating liquor to a minor. If, then, the city commission had the power to determine for itself whether a cause for revocation of the license existed, the order appealed from must be affirmed. We think it clearly had and has such power. In 23 Cyc. 157, we find the following:

"If the statute directs the revocation of the license upon his 'conviction' of such an offense, there must first have been a final judgment, conclusively establishing guilt, rendered by a court of competent jurisdiction; but when the cause of revocation is specified as a 'violation' of the laws, the licensing authorities may act upon other evidence than a judgment of conviction."

See, also, Black on Intoxicating Liquors, §§ 128, 129; Woollen and Thornton on Intoxicating Liquors, §§ 427a, 431; State v. Seebold, 192 Mo. 720, 91 S. W. 491; Baldacchi v. Goodlet (Tex. Civ. App.) 145 S. W. 325; Miles v. State ex rel. McLane, 53 Neb. 305, 73 N. W. 678; Claussen v. Luverne,, 103 Minn. 491, 115 N. W. 643, 15 L. R. A. (N. S.) 698, 14 Ann. Cas. 673; State ex rel. Wilczewski v. Milwaukee, 155 Wis. 388, 144 N.

W. 1107; Wallace v. Reno, 27 Nev. 71, 73 Pac. 528, 63 L. R. A. 337, 103 Am. St. Rep. 747.

The license is simply a permit and not a contract. City of Elk Point v. Vaughn, 1 Dak. 113, 46 N. W. 577. That being so, no previous judicial determination of law violation was requisite.

The order appealed from is affirmed.