GEORGE McMURRAY et al., appellants, v. CITY OF PELLA, an incorporated municipality, et al., appellees.

No. 48656.

(Reported in 67 N.W.2d 620)

DECEMBER 14, 1954.

Life & Davis, of Oskaloosa, for appellants.

Gaass & Gaass, of Pella, Bert Bandstra, of Knoxville, and Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellees.

MULRONEY, J.—This is a certiorari action, filed in the district court of Marion County, to review certain preliminary steps taken by the City of Pella in connection with a paving improvement project. The city, acting under chapter 391, Code, 1950, had filed the plat and schedule showing the streets to be improved and had proceeded to the point where its proposed resolution of necessity was introduced. The city council fixed the time for consideration of the resolution of necessity as December 7, 1953, and the required two publications of notice of the time for the consideration of the resolution of necessity were given. (Section 391.24, Code, 1950.)

Some ten taxpayers, who would be subject to the assessment for the proposed improvement, filed their petition for a writ of certiorari against the city, its mayor and councilmen, alleging the defendants acted illegally and exceeded their jurisdiction in

adopting and passing the resolution of necessity. They prayed that a writ of certiorari issue, commanding the defendants to certify "a transcript of the record and proceedings relating to the passage of the said Resolution of Necessity." The court ordered the issuance of the writ as prayed and defendants made return by filing the transcript of the proceedings. The defendants then filed a motion to quash the writ, which the trial court sustained, and plaintiffs appeal.

Section 391.22, Code, 1950, provides as follows: "The council shall fix the time for the consideration of the proposed resolution of necessity, at which time the owners of property subject to assessment for the proposed improvement or sewer may appear and make objection to the boundaries of the proposed district, to the cost of improvement, to the amount proposed to be assessed against any lot, and to the passage of the proposed resolution."

The transcript shows the following proceedings were had on December 7, 1953: "A call of the roll showed members present: Hoksbergen, Van Roekel, Van Gorp, Roorda. Absent: Stientjes, Ver Meer.

"The Mayor stated to the Council that this was the time set for a hearing on Paving Resolution No. 4, 1953.

"The Clerk reported that a number of petitions remonstrating against the paving project were on file and a number of persons appeared before the Council.

"In order to give each individual a hearing and to consider the petitions filed, it was moved by Van Gorp that the Council retire to the rear room and go into executive session. Motion was seconded by Hoksbergen. Motion carried.

"The Council now took up the matter of objections orally and those filed and after a hearing was given to each of those present the Council dissolved its executive session and returned to the Council chamber.

"There being but four Council members present and to give further consideration in the matter it was moved by Van Gorp that action be deferred and that the Council adjourn to December 14, 1953 at 7:30 p.m. Motion was seconded by Roorda. Motion carried."

The transcript goes on to show that at the December 14, 1953, meeting the engineer appeared before the council and presented a tabulation of all objections filed on December 7, 1953, and the council gave consideration to the remonstrances and adjourned the meeting to December 21, 1953, for final passage. At the December 21, 1953, meeting the resolution of necessity was amended by eliminating some of the proposed street improvements, and as so amended it was passed by unanimous vote of the council.

■ I.  The main contention of plaintiffs is that the council was without authority to pass the resolution of necessity because the December 7th meeting of the council was not in conformance with section 391.22, supra, in that at said meeting the council failed to afford abutting property owners, then present, an opportunity to object. The portion of the transcript previously quoted does not affirmatively show the council denied the right of anyone present to orally object before the council went into executive session. And after the council went into executive session the council took up the matter of objections and gave a hearing to everyone present. This was substantial compliance with the statute. Hallock v. City of Lebanon, 215 Pa. 1, 64 A. 362; State ex rel. Wilczewski v. Common Council of Milwaukee, 155 Wis. 388, 144 N.W. 1107. The same councilmen heard the objections as would have heard them if they had not gone into executive session. No action was taken during the executive session and when it was dissolved the only action was the adjournment to December 14, 1953.

■ II.  Plaintiffs argue the council acted illegally and exceeded its jurisdiction when it adopted the resolution of necessity at an adjourned meeting held two weeks after the meeting referred to in the notice, or December 7th. There is no merit in the argument. The adjourned meeting is a continuation of the original meeting. Moore v. City Council of Perry, 119 Iowa 423, 93 N.W. 510.

■ III.  Plaintiffs argue "the council acted illegally in making no tabulation of the objections filed and in failing to make a part of the minutes any record of the number of objections either written or oral." There are several answers to this contention. In the first place the transcript shows there was a tabu-

lation of the objections, made by the engineer, and reported to the council. Also we do not find any statute which definitely states there shall be a tabulation of the objections made. Section 391.23, Code, 1954, provides no resolution providing for the improvement shall be passed except by unanimous vote of the entire council if sixty per cent of the property owners, subject to seventy-five per cent of the assessment, have filed remonstrances. Here the resolution was passed by unanimous vote.

■ IV. The plaintiffs assail the legality of the employment contract with the engineer in that the remuneration was to be based on a per cent of the cost of the improvement. Plaintiffs cannot raise that issue in this certiorari proceeding. The engineer was not a party to this action. The judgment on certiorari is limited. Rule 316, R. C. P. If the contract were illegal, and we do not mean to intimate that it was, it would afford no basis for annulling the council's action in adopting the resolution of necessity.

V. In the hearing in the trial court on the motion to quash, defendants had the clerk testify the mayor called for oral objections when he opened the December 7th meeting and there was no response. Plaintiffs complain they were not allowed to introduce evidence to rebut this testimony. Rule 315, R. C. P., provides the court may in its discretion receive oral evidence explanatory of the matters contained in the return. We give no consideration to the clerk's evidence. Plaintiffs concede the case should be decided on the return alone. As previously pointed out, our decision is based on the fact that the record shows the objectors present were given an opportunity to present written and oral objections to the councilmen and the fact that the council was in executive session is immaterial.

■ We affirm the action of the trial court but our decision is not to be construed as holding certiorari was a proper action for the asserted wrongs. No stay of the proceedings was sought or obtained, and the briefs show the council went forward with the various statutory steps and the improvement was completed by the time the case was decided in the trial court. If the plaintiffs preserved their rights provided by other statutes they could raise all of their complaints by appeal. We do not decide

whether the defendants were in the exercise of "judicial functions" (rule 306, R. C. P.) or whether the application for the writ was premature. The motion to quash raised none of these issues. The motion was sustained on the ground the record failed to show the defendants were without jurisdiction to pass the resolution of necessity. We affirm on the same ground.—Affirmed.

All JUSTICES concur.