GILES TAINTOR *vs.* MAYOR AND CITY COUNCIL OF CAMBRIDGE.

Middlesex.    April 30, 1906. — September 4, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Way,* Laying out of highway.   *Municipal Corporations.*

In laying out a street the members of a city council act as public officers representing a continuous body, and such a laying out begun by and partly heard before one city council, after a further hearing before another city council, finally may be completed by a third city council before which there has been no hearing.

Under the provision of § 94 of R. L. c. 48, relating to highways and town ways, that " the provisions of the preceding sections, so far as applicable, shall apply to cities, except as may be otherwise provided by their charters or by special laws," the provision of § 4 of the same chapter that the county commissioners in laying out a highway shall, if requested, view the premises, does not apply to the laying out of a highway by a city council, and in that case a view taken by the joint committee on highways of the city council is sufficient.

Where a city council has referred the matter of the laying out of a street to its joint committee on highways, and that committee, after taking a view and giving a hearing to all persons interested, by a report to the city council recommend the laying out of the street and the adoption of an order accompanying

the report which recites that public convenience and necessity require that the street should be laid out, and the city council, after a hearing of which all persons interested have had notice, refers this order to the board of survey, a body created by statute for the purpose of passing upon the laying out and construction of highways in the city, this constitutes an adjudication by the city council that the public convenience and necessity require the laying out of the street.

MORTON, J.   This is a petition for a writ of certiorari to quash the proceedings of the respondents as mayor and city council of the city of Cambridge in accepting and laying out a certain street in Cambridge called Brown Street.   The petitioner is an abutting owner whose land was taken in the laying out of the street.   The presiding justice found that the allegations of fact contained in the answer of the respondents were true, and thereupon ruled that no error of law appeared.   He further found that substantial justice did not require the writ to be issued and dismissed the petition, and, at the request of the petitioner, reported the case to the full court, such order to be entered as law and justice may require.

We think that the ruling was right.   One question, if not the principal one, is whether proceedings in relation to the laying out of a street begun before one council and board of aldermen may be continued before succeeding councils and boards of aldermen and finally completed by a council and board of aldermen composed of different members from that before which they were instituted and by which parties have been heard.   A city council is a continuous body though its members and its officers may change from time to time.   See *Collins* v. *Holyoke*, 146 Mass. 298 ; *Fairbanks* v. *Fitchburg*, 132 Mass. 42.   In recognition of this the city charter of Cambridge provides that " every officer of the city shall, unless sooner removed, continue after the expiration of his term of service to hold his office until his successor is appointed or elected and duly qualified."   St. 1891, c. 364, § 33.   In the transaction of business that may come before them the members of one city council properly may refer unfinished matters to those who are to succeed them, and succeeding members may adopt or acquiesce in the official action of their predecessors upon such matters.   They are not obliged in every case to begin *de novo*.   In the laying out of a street the members of a city council act as public officers in the discharge of duties appertaining to the office which they hold and to the

municipality which the council represents. And it follows from the continuous nature of the body, and the purely official relation which those who compose it sustain to it, that the laying out of a street begun and partly heard or finished before one council and board of aldermen may be completed before another council and board of aldermen. So far, therefore, as the petitioner relies upon the contention that a part of the proceedings took place and hearings were had before some other council and board of aldermen than those of 1905 which finally completed the laying out of the street and the taking of land therefor, his contentions must fail.

The petitioner further contends that the city council should have taken a view, that there was no adjudication by it of public convenience and necessity, and that there was no hearing by the city council on the final laying out of the street and taking of the petitioner's land.

The proceedings were begun in June, 1902, and completed in December, 1905, and it is apparent, we think, from an examination of the copies of the records of the board of aldermen, of the common council and of the board of survey which are annexed to and form a part of the answers of the defendants and which in their allegations of fact must be taken as true under the finding of the single justice, that the petitioner had full notice and an opportunity to be heard in regard to all matters connected with the laying out of the street and the taking of his land where a hearing was required, or he was entitled to one. The petitioner contends that the law in regard to the laying out of highways by county commissioners applies to the laying out of streets in cities. But it applies only " so far as applicable," and " except as may be otherwise provided by their charters or by special laws." R. L. c. 48, § 94. It is manifest that provisions in regard to a view applicable to a small body consisting of three, like the county commissioners, would be inapplicable to a numerous body like a city council, and there is nothing in the city charter of Cambridge which requires that a view should be taken by the city council or which prevents it from being taken, as it was in this case, by the joint committee on highways to which the petition for the laying out of the street was referred by the board of aldermen ; — the charter requiring that action should

be first taken by that board.   There is nothing which requires
that another view should be had at the request of a party inter-
ested, if one has already been taken.

The committee on highways having taken a view gave a hear-
ing on the question of laying out the street of which the peti-
tioner had due notice, but at which he was not present.   The
committee reported to the city council recommending the lay-
ing out of the street and the adoption of an order accompanying
the report providing for notice and a hearing in regard to the
intention of the city council to lay out the street.   The order
began by reciting that public convenience and necessity required
that the street should be laid out.   At a joint convention of the
city council held in November, 1902, after a hearing, of which
the petitioner and all others interested had notice and at which
the petitioner was present, the order was referred to the board
of survey, a body which had been established under St. 1900,
c. 405, amended by St. 1903, c. 436.   This constituted an ad-
judication by the city council that public convenience and
necessity required the laying out of the street.

The board of survey took a view, and gave hearings of which
the petitioner and others interested had notice, and at one of
which, at least, the petitioner was present.   The board voted to
change the proposed layout and so reported to the city council.
Thereupon the matter was referred again by the city council to
the joint committee on highways which took another view and
gave a hearing on the laying out of the street as altered by the
board of survey of which the petitioner and others had due no-
tice, and reported recommending the adoption of an order which
recited that public convenience and necessity required that the
street should be laid out, and provided for the giving of notice
to all parties interested of a hearing in regard to the intention
of the city council to lay it out and take the land therefor.   This
was referred to the next city government by which it was again
referred to the joint committee on highways which reported, rec-
ommending the adoption of an order substantially like that last
above referred to, which was done and a hearing was had in joint
convention at which the petitioner appeared.   The result of the
matter was that the question of laying out the street was again
referred to the next city government, that of 1905, by which

on the recommendation of the joint committee on highways, to which the matter had been referred, and which took still another view and gave still another hearing, the order laying out the street was finally adopted. It is plain, we think, that the petitioner was not entitled to be heard upon the final adoption by the city council of the order laying out the street, and we see no error of law in the proceedings, or in the finding that substantial justice did not require the issuing of the writ.

*Petition dismissed with costs.*

*G. A. A. Pevey*, for the respondents.
*G. Taintor*, pro se.