WILLIAM SESSINGHAUS, RESPONDENT, v. CENTRAL PAVING AND CONSTRUCTION COMPANY, APPELLANT.*

St. Louis Court of Appeals.  Opinion filed June 21, 1927.

1.—Municipal Corporations—Charter of City of St. Louis—Improvement Ordinances—Special Tax Bills—Validity.  An improvement ordinance and tax bills issued thereunder held invalid, where the board of aldermen adjourned sine die without final action, when the ordinance was first submitted, and passed it at the next session, when resubmitted under a new number, as its transmittal to the board of aldermen at such session had not been preceded by the prescribed preliminaries on the part of the board of public service as required by the charter of the city of St. Louis.

2.—Same—Board of Aldermen—Improvement Ordinances—Enactment. When no time is provided within which a city council may act upon an ordinance presented and recommended by a board of local improvements, such a limitation cannot be imposed by the courts.

3.—Same—Same—Same—Preliminary Steps—Charter of City of St. Louis —Requirements—Condition Precedent.  The requirements of the charter of the city of St. Louis relative to the preliminary steps in the enactment of an improvement ordinance prior to the time the board of aldermen passes

it **held** conditions precedent to final action touching the improvement in question, and jurisdictional in their nature.

*Corpus Juris-Cyc. References: Municipal Corporations, 43CJ, p. 491, n. 30; 28Cyc, p. 994, n. 13; p. 995, n. 22.

Appeal from the Circuit Court of the City of St. Louis.—Hon. John W. Calhoun, Judge.

AFFIRMED.

*Jourdan & English* for appellant.

(1)   In a suit by a property owner to cancel special tax bills, the plaintiff must point out the specific defect; because such tax bills are prima-facie' evidence of the liability of such property owner to pay them.   Huling v. Bandera Flag Stone Co., 87 Mo. App. 349; Exter v. Kramer, 251 S. W. 918; Harris v. City of Cameron, 265 S. W. 862.   (2)   The only specific defect pointed out is that the ordinance authorizing the improvement was not passed at the proper time by the Board of Aldermen of the city of St. Louis.   This objection to the validity of the bills is not tenable because no time is provided by the city charter for action by the Board of Aldermen upon a public improvement ordinance and where no time is specified such ordinance may be passed at any time.   St. Louis Charter, Article IV, sec. 9; 28 Cyc. 995, Note 22; City Trust Co. v. Crockett, 274 S. W. 802.   (3)   Jurisdiction to pass an ordinance for a public improvement under the charter of the city of St. Louis is vested in the Board of Aldermen upon the recommendation by the Board of Public Service of such ordinance after publication of notice and hearing of the property owners, regardless of any remonstrance, and subsequent events cannot oust such jurisdiction.   St. Louis Charter, Article XXII, secs. 1, 2 and 3; Springfield v. Weaver, 137 Mo. 650; Koch v. Norton, 261 S. W. 125; Webb v. Strobach, 143 Mo. App. 459; State ex rel. v. St. Louis County Court, 38 Mo. 402; State v. Jaeger, 157 Mo. App. 341; Tackett v. Volger, 85 Mo. 480.   (4)   The Board of Aldermen of the city of St. Louis is a continuous body and proceedings commenced before that body looking to public improvements need not be completed at one session thereof, but may be finally completed in a succeeding session of such board.   28 Cyc. 320; 28 Cyc. 994, Note 15; 28 Cyc. 995-6, Note 28; 19 Ruling Case Law, Municipal Corporations (sec. 193), p. 893; Bond v. Mayor of Baltimore, 74 Atl. (Md.) 14; State v. Mayor, 28 Atl. (N. J.) 381, 382; People ex rel. N. Y. C. & H. R. R. Co. v. City of Buffalo, 108 N. Y. S. 331; McGraw v. Whitson, 28 N. W. (Iowa) 632; Taintor v. Thurston, 78 N. E. (Mass.) 545; Reuter v. Meacham Contracting Co., 136

S. W. (Ky.) 1028; Smith v. Columbus Railway Co., 8 Ohio
N. P. R. 1.   (5)   Failure to pass an ordinance introduced in
the Board of Aldermen of the city of St. Louis at one session could
amount at most to a negative vote, and a negative vote on the or-
dinance can be reconsidered and the ordinance passed at a subsequent
session.   4 McQuillan on Municipal Corporations (sec. 1882), 4062;
People ex rel. v. Rochester, 5 Lans. (N. Y.) 11; Tabor v. Ferguson,
109 Ind. 227; People v. Schenectady, 120 N. Y. S. 621; Mayor, etc.,
of Jersey City v. State, 30 N. J. L. 521; Cornell v. New Bedford, 138
Mass. 588; Tuell v. Meacham Contracting Co., 140 S. W. (Ky.) 159;
Oswald v. Gosnell, 56 S. W. (Ky.) 165.   (6)   The reintroduction of
the same ordinance in the Board of Aldermen after it has been twice
read and referred to a committee is mere surplus action and does not
oust the jurisdiction of the Board of Aldermen to pass such ordinance.
State ex rel. Kansas City v. Smith, 302 Mo. 594.   (7)   The district
laid out by ordinance was not invalid because of failure to specifical-
ly describe the boundaries of the district.   It referred to and incor-
porated a plat then on file; and such incorporation by reference made
the ordinance specific.   28 Cyc. 1007; Auditor General v. Caulkins,
136 Mich. 1; Becker v. City, 94 Mo. 375; Reinert Bros. v. Whitmer,
206 S. W. (Mo. App.) 387; Parker-Washington v. Field, 202 Mo.
App. 159.   (8)   Special tax bills cannot be canceled at the suit of
a property owner for mere irregularities which can be corrected in
a suit on such tax bills, and in no event will a suit lie to cancel special
tax bills for irregularities in the absence of a tender by the plaintiff
of the amount due.   Charter of the City of St. Louis, Article XXIII,
Sec. 11; Neil v. Ridge, 220 Mo. 233; Haeussler Investment Co. v.
Bates, 267 S. W. 632; City of Washington v. Mueller, 287 S. W.
856; Johnson v. Duer, 115 Mo. 366.

*Oliver Senti*, First Associate City Counselor, City of St. Louis,
*Amicus curiae*.

(1)   A special tax bill is prima-facie valid.   Exter v. Kramer, 251
S. W. 918.   (2)   Unless otherwise provided by statute or charter an
improvement ordinance may be enacted at a special session.   City
Trust Co. v. Crockett, 274 S. W. 802, 1. c. 809.   (3)   Where no time
is provided within which the council may act upon an ordinance
presented by a board of improvements such limitation cannot be
imposed by the courts.   28 Cyc. 995.   (4)   A resolution declaring
the necessity for an improvement gives the council authority to pass
an improvement ordinance, although there is an irregularity in the
time of its passage.   Webb v. Stobach, 143 Mo. App. 459.   (5)
(a)   Where the charter authorizes a thing to be done and an ordi-
nance undertakes to carry out the power granted the courts will lean to

a construction which will uphold the ordinance. State v. Butler, 178 Mo. 311. (b) It is the duty of the courts to resolve all doubts in favor of the validity of a legislative act and they are reluctant to declare it invalid. State ex rel. v. Sheehan, 269 Mo. 421; St. Louis v. Murta, 283 Mo. 77; Wagner v. St. Louis, 284 Mo. 410. (6) The presumption in favor of the validity of a statute is indulged when the manner of its enactment is questioned. 12 C. J., p. 794, sec. 222; State v. Wray, 109 Mo. 549.

*Fred Armstrong, Jr.* for respondent.

(1) Under the Charter of St. Louis, and under the law in general, a benefit district ordinance may not establish the boundaries for a benefit district for repaving (a) by reference to the ordinance fixing boundaries for a former paving, or (b) by reference to a plat. If the boundaries of a benefit district cannot be completely determined from the face of the benefit district ordinance, the ordinance is void. (a) Charter of St. Louis, Art. IV, sec. 12; 28 Cyc. 388, n. 99; Stack v. General Baking Co., 283 Mo. 396, 223 S. W. 89; 36 Cyc. 969, ff. 971, n. 97. (b) 28 Cyc. 276-278; 12 C. J., 839-864, esp. 847 ff. and 864; McQuillan, Municipal Ordinances, sec. 545; Haeussler v. Bates, 306 Mo. 392, 267 S. W. 632; Schneider Granite Co. v. Breweries Co., 258 Mo., 378, 168 S. W. 693; Davenport Locomotive Works v. City of Davenport, 185 Iowa, 151, 169 N. W. 106. (2) When a benefit district ordinance specifies two sets of boundaries which do not exactly coincide (whether the specifications be on the face of the ordinance or, as in this instance, by reference to two external instruments) the ordinance is void for uncertainty. Even though the conflict be only the inclusion or exclusion of one or more areas of small size, in proportion to the total size of the district, the ordinance is completely void, and the difficulty cannot be met by any computation of tax bills or by any waiver of part compensation by the contractor. (3) Under the Charter of St. Louis it is mandatory that when a remonstrance is filed the Board of Public Service "at its next meeting shall reconsider and either reverse its action or transmit to the Board of Aldermen the ordinance authorizing the proposed work or improvement, together with said remonstrance." The Board of Public Service is not at liberty to postpone such action to a subsequent meeting for any reason whatever and, in the event appropriate action is not taken at said next meeting, the proceedings for improvement fail entirely. Charter of St. Louis, Art. XXII, sec. 3; Malleable Casting Co. v. Prendergast Const. Co., 288 Mo. 197, 231 S. W. 989; 36 Cyc. 1157 ff. (4) (a) The adjournment of a session of the Board of Aldermen *sine die,* without passing a bill introduced during the session, as a matter of law, under the Charter of St.

Louis, voids the bill and, even more, may have the effect of a negative vote on it. Charter of St. Louis, Art. XXII, secs. 1, 2, 3, Art. IV, secs. 9, 17; 39 Cyc. 696-701; 36 Cyc. 849-850; 28 Cyc. 320-330, 994-997. (b) Even though, in the abstract, the charter might otherwise have been interpreted, the invariable interpretation thereof by and the invariable actual practice of the Board of Aldermen and other city authorities ever since the adoption of the charter, has been to consider as voided all bills introduced at the previous session, and the fact that the charter has invariably, in fact, during all these years, been so interpreted in the actual administration of the city business, constrains the court to adopt that interpretation. Millspaugh v. Kesterson, 307 Mo. 185, 270 S. W. 110; State v. First National Bank, 297 Mo. 397, 249 S. W. 619; State v. Becker, 291 Mo. 409, 237 S. W. 117; Macon County v. Williams, 284 Mo. 447, 224 S. W. 835; In re Publication of Supreme Court Docket, 232 S. W. 454; State v. Cupples Station, 283 Mo. 115, 223 S. W. 75. (5) Apart from the proper interpretation of the charter, certainly the Board of Aldermen is not compelled to carry over as unfinished business bills introduced at the preceding session. (a) In accordance with invariable practice, and under the facts in this particular instance, both the Board of Public Service and the Board of Aldermen actually treated the prior bill as voided by the expiration of the prior session, and the Board of Aldermen did by intention, duly executed, under the practice, void the bill and negatively act on it by adjourning *sine die*. Charter of St. Louis, Art. IV, secs. 9 and 17. (b) The Board of Public Service in this instance recommended a new (if identical) bill and the Board of Aldermen passed the new bill. By no interpretation can this be construed as passing on the old bill as unfinished business or as the reconsideration of a negative vote on the old bill. (6) Having once transmitted an improvement ordinance to the Board of Aldermen, the Board of Public Service is without power to transmit it a second time. (a) This is true as a matter of general law. (b) Whatever might be the rule in the absence of charter provisions, it is the rule under the express provisions of the Charter of St. Louis. (a) 28 Cyc. 991, n. 77; Sedalia v. Scott, 104 Mo. App. 595; Knopti v. Gilsonite, 92 Mo. App. 279; Sedalia v. Montgomery, 109 Mo. App. 197, 88 S. W. 1014; Sedalia v. Montgomery, 227 Mo. 1, 127 S. W. 50. (b) Charter of St. Louis, Art. XXII, sec. 3. (7) The Board of Public Service is without power under the charter of St. Louis to transmit to the Board of Aldermen, even once, an improvement ordinance, except at the same session which passed the benefit district ordinance. Charter of St. Louis, Art. XXII, sec. 3. (8) Under the charter of St. Louis, which provides that a public improvement ordinance against which a remonstrance has been filed shall be transmitted to the Board of Aldermen "together with said remonstrance,"

it is mandatory that a public improvement ordinance be accompanied by a remonstrance which has been filed. Charter of St. Louis, Art. XXII, sec. 3; Williams v. Hybskman, 311 Mo. 332, 278 S. W. 377. (9) The penalty connected with points 3 to 8, inclusive, is that a resulting improvement ordinance is void. (10) (a) Under the charter of St. Louis an improvement ordinance which died by the expiration of the session of the Board of Aldermen, at which it was introduced with proper preliminaries and accompaniments, and was reintroduced and passed at a succeeding session, without further preliminaries and accompaniments, is void. (b) Even under city charters which differ from the charter of St. Louis, so that sessions of the Board of Aldermen are continuous, if a bill is introduced on the basis of proper preliminaries and accompaniments, but this bill is not, in fact, passed, and at a later time another bill for the same purpose is introduced, but without proper preliminaries and accompaniments, even though the second bill may, in fact, be identical with the first, its passage, otherwise void, cannot be made valid by means of the preliminaries and accompaniments of the first bill. 28 Cyc. 361, n. 59. (11) The tax bills are void, or at least subject to recalculation and reduction, because they are not properly figured, not being issued on some land and certain private alleys in the benefit district, the total cost of the improvement being assessed on less than the whole area. (12) (a) The benefit district ordinance being void, the tax bills issued on work done in pursuance thereof are also void and will be canceled. (b) The improvement ordinance being void the tax bills, issued on work done in pursuance thereof are also void and will be canceled. Williams v. Hybskman, 311 Mo. 332, 278 S. W. 377; Municipal Securities Corporation v. Moriarty, 195 Mo. App. 579, 193 S. W. 892.

BENNICK, C.—This is a suit for the cancellation of two special tax bills, the one for $659.22, and the other for $117.59, issued by the city of St. Louis, in favor of defendant, and against the property of plaintiff. The court rendered a decree canceling the tax bills, from which, after an unavailing motion for a new trial, defendant has appealed.

Plaintiff pleaded as grounds for the cancellation of the tax bills in question: First, that the improvement ordinance, authorizing the making of the contract with defendant, was not passed with the proper preliminaries; second, that the benefit district ordinance was void as not properly describing the boundaries of the district; and, third, that certain property had been omitted from the assessment, resulting in a miscalculation.

The answer contained a restatement of the facts in accordance with defendant's theory of the case, tending to establish the validity of the tax bills.

The evidence disclosed that at a meeting of the Board of Public Service of the city of St. Louis, held November 3, 1922, the president thereof presented a draft of a proposed ordinance to establish a benefit or taxing district for the reconstruction of St. Louis Avenue, from Broadway to Fifteenth street, with accompanying plats, and recommended that the same be passed. Thereafter, such recommendation of the president was approved, and the proposed ordinance was recommended to the Board of Aldermen for passage. The property of plaintiff, against which the tax bills in suit were subsequently issued, was within the boundaries of such district.

The draft of the ordinance was forwarded to the Board of Aldermen at the regular session of 1922-23 of said board, and was duly passed and approved by the Mayor, becoming Ordinance No. 32180. On February 13, 1923, the Board of Public Service set a public hearing on the improvement for March 2, 1923, which hearing was held, and on the same day the Board of Public Service filed its decision, recommending the reconstruction of the street in question, and specifying the kind of pavement to be placed thereon.

On March 20, 1923, a written remonstrance was filed with the Board of Public Service by a majority of the property owners affected, including the plaintiff. At its next meeting, the Board of Public Service, notwithstanding the remonstrance, approved the draft of a proposed ordinance for the reconstruction of St. Louis Avenue, and sent said draft, together with the original remonstrance, to the Board of Aldermen, with the recommendation that the ordinance be passed. The draft of the ordinance in question was introduced in the Board of Aldermen as Bill No. 532, of the regular session of 1922-23, read twice, and referred to the Committee on Streets, Sewers, and Wharves. Without further action having been taken thereon, the Board of Aldermen, on April 5, 1923, adjourned *sine die*.

Thereafter, on April 24, 1923, the Board of Public Service retransmitted an identical draft of such proposed ordinance to the Board of Aldermen, which meanwhile had reconvened for its 1923-24 session. It appears that the remonstrance in question was not forwarded therewith, and the record is silent as to whether the original remonstrance had remained with the Board of Aldermen, or whether it had been sent back by that body to the Board of Public Service. The proposed ordinance was introduced as Bill No. 39, of the session of 1923-24, and duly passed, and was approved by the Mayor as Ordinance No. 32937.

Thereafter, the contract for the work was let to defendant, and, upon due performance by it of its obligations under said contract, the tax bills in suit were caused to issue in payment therefor.

The learned trial judge held, in a memorandum opinion filed by him at the time of rendering his decree, that, when the Board of Al-

dermen adjourned *sine die* on April 5, 1923, the bill pending before it died with the session; that no remonstrance was attached to the second proposed ordinance submitted, nor had there been a hearing *de novo* before the Board of Public Service before the reintroduction of the same; that the subsequent session of the Board of Aldermen was not empowered to carry on the proceedings originated by its predecessors; and that, inasmuch as the preliminary steps outlined by the charter of the city of St. Louis had not been taken anew by the Board of Public Service before the resubmission of the proposed ordinance, the Board of Aldermen was without authority to pass it, and, consequently, the tax bills in suit issued thereunder were invalid.

Defendant questions the correctness of the above holding, contending that the decree of the court should have been in its favor, and against the plaintiff.

The question decisive of this case is whether the 1923-24 session of the Board of Aldermen had the power to pass Bill No. 39, which was the proposed improvement ordinance as resubmitted by the Board of Public Service, and to such question we shall address ourselves.

It seems to be agreed by the parties hereto that, under the provisions of the charter of the city of St. Louis, the enactment of an improvement ordinance requires that the following steps be taken:

(1)  The Board of Public Service must lay out a district and recommend the passage of an ordinance establishing such district.

(2)  The Board of Aldermen must pass such benefit district ordinance.

(3)  The Board of Public Service must give notice by advertisement of a hearing to the property owners affected.

(4)  Such hearing must be held.

(5)  The decision of the Board of Public Service must be filed in its office within three days thereafter.

(6)  A period of eighteen days must be allowed after the filing of the decision for a written remonstrance to be filed by the owners of the greater area of the land in such district.

(7)  If such remonstrance is filed, the Board of Public Service, at its next meeting, shall reconsider the question, and either reverse its former action, or transmit to the Board of Aldermen the proposed ordinance authorizing the improvement.

(8)  Such remonstrance must be transmitted to the Board of Aldermen along with the draft of the ordinance.

(9)  The Board of Aldermen must pass the ordinance.

For the purpose of this opinion we shall disregard the objections of plaintiff to the form of the benefit district ordinance, and shall proceed upon the theory that the first eight of the above steps were *originally* fully complied with. Thus, we have the proposed ordinance

pending before the 1922-23 session of the Board of Aldermen as Bill No. 532. Without final action having been taken thereon, the Board of Aldermen adjourned *sine die*.

The charter provides that one session of the Board of Aldermen shall be held annually, beginning on the third Tuesday of April. Pursuant to such provision, the Board of Aldermen duly convened for its 1923-24 session, and thereafter the Board of Public Service transmitted to this session an identical draft of the original ordinance, which was introduced as Bill No. 39, and passed. It is not contended that any of the preliminary steps outlined above were retaken before the resubmission of the ordinance. Accordingly, the power of the Board of Aldermen to pass Bill No. 39, in view of the situation existing, and the express provisions of the charter relating to the enactment of an improvement ordinance, is questioned.

In 2 McQuillin on Municipal Corporations, section 676, we find the following concise statement of the rule of law applicable:

"Prior to the introduction for passage of ordinances relating to public work and improvement which are to be paid for by special assessment or taxation (as sometimes termed), certain preliminary steps are usually required, as notice by advertisement of the contemplated work; public hearing; establishment of benefit, assessment or taxing districts; determination of protests or remonstrances; recommendation of the proposed ordinances by a designated board or department and estimate of the cost of the work endorsed thereon. These and like requirements are regarded as conditions precedent to final action on the ordinance; they are jurisdictional in their nature and noncompliance with them leaves the council without power to adopt the ordinance."

Though recognizing the above doctrine, learned counsel for defendant in support of their argument that the ordinance as passed by the 1923-24 session of the Board of Aldermen was not invalid, even though the preliminary steps outlined in the charter had not been taken *de novo* by the Board of Public Service, suggest that, inasmuch as the charter fails to specify a time within which the Board of Aldermen may act upon an improvement ordinance, such ordinance may be passed at any time; that the Board of Aldermen of the city of St. Louis is a continuous body, and proceedings commenced by that body looking to public improvements, need not be completed at one session thereof, but may be completed in a succeeding session of such board; that the failure of the 1922-23 session to pass Bill No. 532 could have amounted at most to a negative vote, which could be reconsidered, and the ordinance passed at a subsequent session; and that the reintroduction of the same ordinance at the 1923-24 session was mere surplusage, and did not oust the jurisdiction of the Board of Aldermen to pass the same.

We appreciate the doctrine that, when no time is provided within which a city council may act upon an ordinance presented and recommended by a board of local improvements, such a limitation cannot be imposed by the courts. [28 Cyc. 995.]

We are also aware that it has been held by very respectable authority that a municipal council is a continuous body, although its membership may be changed from year to year, and that business begun in a municipal council may be completed after its members have gone out of office and a new council has been elected. [Reuter v. Meacham Contracting Co., 143 Ky. 557, 136 S. W. 1028; McGraw v. Whitson, 69 Ia. 348, 28 N. W. 632; People ex rel. v. City of Buffalo, 123 App. Div. 141, 108 N. Y. S. 331; Bond v. Mayor, etc., of Baltimore, 111 Md. 364, 74 Atl. 14; Taintor v. Thurston, 192 Mass. 522, 78 N. E. 545; 19 R. C. L. p. 893, sec. 193; 28 Cyc. 320; 2 McQuillin on Municipal Corporations, sec. 604.]

Such holdings, however, do not determine the issues involved in this case. It is by no means our purpose to attempt to place a limitation upon the time within which the Board of Aldermen might have passed Bill No. 532, the introduction of which at the 1922-23 session had been preceded by all of the required preliminary steps. Nor are we concerned with the question of whether the Board of Aldermen is a continuous body, as defendant contends, for the reason that Bill No. 532 has never been passed, either at the session at which it was introduced, or at any subsequent session.

When the Board of Public Service transmitted the draft of the proposed ordinance to the 1922-23 session of the Board of Aldermen, it exhausted the power conferred upon it by the charter, and thereafter the duty devolved upon the Board of Aldermen to make disposition of the bill thus pending before it, without the passage of which there could be no authority in law for the making of the improvement in question. The recommendation by the Board of Public Service of a new, if identical, draft, to the subsequent session of the Board of Aldermen, was neither authorized by the charter, nor preceded by the necessary steps outlined therein. Furthermore, the draft was not transmitted to the Board of Aldermen by the Board of Public Service *at its next meeting* after the filing of the remonstrance, nor was it accompanied by such remonstrance.

We think the conclusion is inescapable that the requirements of the charter were conditions precedent to final action touching the improvement in question, and were jurisdictional in their nature. As we have indicated above, Bill No. 532 of the 1922-23 session of the Board of Aldermen had been preceded by the required steps, but it was never passed. Bill No. 39 of the 1923-24 session was passed, but its transmittal to the Board of Aldermen had not been preceded by the prescribed preliminaries on the part of the Board of Public

Service.  It follows, therefore, that noncompliance with the. mandatory provisions of the charter by the Board of Public Service before transmitting the draft of the proposed ordinance for the second time precluded the Board of Aldermen from proceeding to act thereupon, and that the ordinance enacted in a manner other than that prescribed by the organic law of the municipal corporation must be held invalid, as are also the tax bills in suit issued thereunder.

Accordingly, the Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.  The judgment of the circuit court is, accordingly, affirmed.  *Daues, P. J., Becker* and *Nipper, JJ.,* concur.