## McGRAW v. WHITSON.

1. **Cities:** ORDINANCES: THREE READINGS: CONTINUITY OF COUNCIL. If there be a sense in which there is a succession of city councils, there is such immediate succession as to involve a substantial continuity, when taken with the fact that half of the aldermen hold over. And where a proposed ordinance was read on two separate days before the election of a new mayor and aldermen, and was read the third time after the newly elected mayor and aldermen had taken their seats, *held* that § 489 of the Code was sufficiently complied with, and that the ordinance was not for that reason invalid.

2. ———: ———: VIOLATION OF PARLIAMENTARY RULES OF COUNCIL. If an ordinance is enacted in compliance with the statute, it will not be invalidated because, in its passage, one of the parliamentary rules of the council was violated.

*Appeal from Clinton Circuit Court.*

TUESDAY, JUNE 22.

THIS action was brought to obtain possession of a cow owned by the plaintiff, but which the defendant, as marshal of the city of Clinton, had impounded under an ordinance of the city. Judgment was rendered for the plaintiff, and the defendant appeals.

*Geo. B. Young* and *E. S. Bailey*, for appellant.

*Ellis & McCoy*, for appellee.

ADAMS, CH. J.—It is not denied that the cow was properly impounded, provided the ordinance under which the defendant acted is valid. But the plaintiff contends that it is not valid. Section 489 of the Code provides that "ordinances of a general or permanent nature shall be fully and distinctly read on three different days." The plaintiff contends that this provision was not observed according to its spirit; for while, in one sense, the ordinance was read on three different days, it was not, as the statute contemplates, thus read before the same council. The fact appears to be that the third reading was after the annual election and entrance upon office of a new mayor and four new aldermen, and the first two readings were before such election.

Upon the question as to whether a city council is to be regarded as a continuous body or not, able arguments have been filed upon both sides. But, in our opinion, whatever may be thought upon this question, the ordinance is not invalid. All that the statute prescribes is three readings. The position that all the readings should be before the same persons is based upon an inference drawn from the supposed object of the provision. It is contended by the plaintiff that, if three readings are desirable, it is just as desirable that all who are to vote upon the ordinance should hear the three readings. But the council consists of but one body, and the statute contemplates that there shall be, at all times, one-half of the aldermen who are not unfamiliar with the business of the council. We cannot think that it was intended that all unfinished business should be dropped at each council election, and taken up again entirely anew, if at all. To justify us in so holding, we think that we should have something stronger than a mere inference. It is true that one general assembly cannot join its action on to the action

of the preceding general assembly, but we do not regard the analogy between a legislature and a city council sufficiently strong to be of controlling importance. If there be a sense in which there is a succession of city councils, (which we do not determine,) there is such immediate succession as to involve a substantial continuity, when taken with the fact that half of the aldermen hold over; and we have no doubt that a continuity was contemplated by the legislature. We believe that the proper conduct of municipal affairs demands it.

One position of the plaintiff remains to be considered. It is shown that the city council of Clinton adopted for its parliamentary governance Robert's Rules of Order. It is contended that, according to one of the rules, all unfinished business fell to the ground when the term of service of the outgoing aldermen expired. But, if we should concede that the rule in question became applicable, the most that could be said is that the council violated one of its own parliamentary rules. But if the statute was complied with, as we hold it was, in the passage of the ordinance, we think it was valid.

In our opinion, the ordinance must be sustained, and the judgment

REVERSED.