HARDIN COUNTY v. A. WEELS, Appellant.

**Plea of Payment:** CONSTRUCTION. Answer, of one whose liability was not discharged unless the sum of $40,000 was paid, that that sum had "substantially, if not wholly," been paid, is insufficient. "Wholly" and "substantially" are not equivalents.

*Appeal from Hardin District Court.*—HON. B. P. BIRD-SALL, Judge.

SATURDAY, APRIL 8, 1899.

ACTION at law on a subscription for the payment of money. A demurrer to one division of the answer was sustained. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*H. L. Huff* for appellant.

*E. H. Lundy, County Attorney,* for appellee.

ROBINSON, C. J.—The only questions we are required to consider are those involved in the ruling on the demurrer. The subscription is as follows: "We, the undersigned, promise and agree to pay into the treasury of Hardin county, Iowa, for the use of said county, the sum set opposite our respective names: provided, that this subscription shall become binding and obligatory in the event that the legal voters of said county shall at any time during the year A. D. 1891 authorize the board of supervisors to construct, for the use of said county, a court house, at Eldora, Iowa, at an expense of not exceeding the sum of fifty thousand dollars, and a jail at an expense not exceeding the sum of ten thousand dollars, and to appropriate therefor, of the funds of said county, the sum of twenty thousand dollars, and of the funds to be realized upon this subscription the sum of forty thousand dollars, when, and in such case, the several sums hereto subscribed shall become due and payable into the treasury of said county as follows, to wit: The one-fourth part thereof whenever the vote shall be taken, and the result declared in favor of the aforesaid authorization; the second one-fourth part thereof when the board of supervisors of said county shall have executed a contract for the erection of a court house as aforesaid; and the remaining one-half thereof when the foundation of said court house shall be completed. [Signed] R. Wells, seventy-five dollars. R. Wells twenty-five dollars." The petition alleges that the voters of the county did, during the year 1891, authorize the board of supervisors to construct, for the use of the county, a court house at Eldora, according to the terms of the subscription; that the board appropriated therefor the funds required by the subscription, and entered into a contract for the erection of a court house; that the foundation therefor was completed on or about the first day of January, 1893; and that there is

now due on the subscriptions of the defendant the sum of one hundred and thirty-six dollars. In the third division of his answer the defendant alleges that he is not liable on the subscription, for the reason that "he is informed and believes, and charges the fact to be, that the people of Hardin county, who subscribed to the said court house and jail fund, have paid into the county treasury, of their subscriptions, substantially, if not wholly, the sum of forty thousand dollars,—the limit of the amount of the said subscriptions, when paid in, to be appropriated by the board of supervisors of said county as per the terms of the said contract of subscriptions." The division contains other averments, but they add nothing to those quoted which we need to consider.

The ground of the demurrer which presents the question of chief importance is that the third division of the answer does not state that the forty thousand dollars have been paid. We are of the opinion that the ground is well taken. To say that a given sum is "substantially, if not wholly," paid, is not the equivalent of a statement that it is fully paid. What the defendant meant by the word "substantially" does not clearly appear. The ordinary meaning of the word is: "In a substantial manner; in substance; essentially." Webster International Dictionary. Whether the defendant would have regarded the payment of the specified amount, less one dollar, or one hundred dollars, or two hundred dollars, as payment of "substantially" all that was required, can only be conjectured. That the word was not used as meaning full payment is shown by its connection with the words "if not wholly." But the liability of the defendant was not discharged unless the full sum of forty thousand dollars was paid. The payment of less, however near the required sum, would not have had that effect. The petition alleged that one hundred and thirty-six dollars were due and owing on the subscription from the defendant. The third division of the answer did not deny that allegation, in terms, nor set out facts which showed that it was not true, nor plead any matter which constituted a

defense to the cause of action alleged in the petition. We conclude that the demurrer was properly sustained.

This conclusion renders it unnecessary to determine other questions discussed by counsel. The judgment of the district court appears to be right; and it is AFFIRMED.