P. E. MANN, Appellant, v. THE CITY OF LEMARS.

**Records of Municipal Corporations:** ELECTION OF OFFICERS BY COUNCIL. The record of the proceedings of a council showed the election of a street commissioner by a majority of one vote, resulting from a ruling of the mayor, sustained by the council, that a certain councilman could not change his vote. At its next meeting, before

approving the minutes, the council ordered them to be corrected so as to show that he was permitted to change his vote, and "that there was no election.' *Held*, under Code, section 668, providing that the council "shall determine the rules of their own proceedings and keep a journal thereof," and section 659, requiring the clerk to make an accurate record of all their proceedings, that the correction made was authorized, and the record therefore failed to show any election.

TOWN COUNCIL: *Parliamentary usage and proceedings.* Under Code, section 668, providing that the council "shall determine the rules of their own proceedings," etc., the failure of the council to conform to parliamentary usage will not invalidate their proceedings, when the requisite number have agreed to the particular measure.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, OCTOBER 12, 1899.

ACTION to recover salary as street commissioner. An ordinance required the city council, as soon as practicable after its organization each year, to appoint a street commissioner, and provided that, before entering upon the discharge of the duties of his office he execute a bond in the penal sum of one thousand dollars, conditioned for properly discharging his duties for the term of one year, to begin April 1st. March 16, 1896, the salary was fixed at fifty dollars per month, and twenty ballots were cast without choice, the last a tie. The journal shows that: "Those voting for Mann were Brunskill, Thomarson, and Loudenslager, and those voting for Bauerly were Councilmen Schafer, Linden, and Weir; and at said ballot Councilman Weir desired to change his vote, and was ruled out of order by the mayor, and an appeal was taken from the decision of the mayor to council, and upon the roll being called the mayor was sustained; and upon the tie being between P. E. Mann, and Geo. J. Bauerly the mayor voted for P. E. Mann, and he was declared duly elected to the office of street commissioner for the ensuing year." The next day the clerk issued a certificate of election to the plaintiff. who filed a sufficient bond

with the mayor April 6, 1896. The council met again April 7th, in regular session, and the following record was made: "Minutes of last meeting were read. Councilman Weir objected to the minutes in regard to the election of street commissioner. The advice of the city attorney was asked in reference to said minutes. Weir moved that the minutes be corrected to read that he was allowed to withdraw his vote and cast it for Mueller; that at said ballot there was no election. So ordered by the mayor." Thereupon they proceeded to ballot for commissioner, and after eighteen ballots were cast without choice the election was postponed indefinitely. After rejecting the bond of Mann on the ground that he was not elected, council adjourned. July 22d Councilman Weir moved that a street commissioner be elected, at a salary of fifty dollars per month. The mayor ruled the motion out of order, on the ground that Mann had already been elected. On appeal to the council the mayor was not sustained, and the council then elected George Bauerly, four voting for him, and two refraining from voting, as they believed Mann had been duly elected. Bauerly qualified and performed the duties of the office. The plaintiff was entirely eligible, demanded possession of the office, and at all times kept himself in readiness to perform its duties. By putting forth all reasonable efforts to procure other work, he earned during the year $248, and asks judgment for the balance of $352 against the city. To the petition making these allegations the defendant demurred on the ground that it did not appear that plaintiff was ever elected, nor that, if elected, he was entitled to the salary. The demurrer was sustained, and, as the plaintiff elected to stand on the ruling, the petition was dismissed, and he appeals.—*Affirmed*.

*Zink & Roseberry* for appellant.

*E. T. Bedell* and *Sammis & Scott* for appellee.

LADD, J.—The petition is based entirely on the action of the city council, as evidenced by the record made of its proceedings. That of March 16, 1896, certainly indicated the election of the plaintiff as street commissioner. It may be that the mayor did not conform to parliamentary usage, in holding that Weir could not change his vote, but he was sustained by the council. The method of voting, and, indeed, of conducting all its proceedings, rests very largely within the discretion of the majority; the wholesome restriction always being that of a reasonable guaranty for fairly taking the sense of the entire body. With but the mayor and six councilmen, all sitting about a single table, within sight and hearing, a strict observance of parliamentary usage, especially adapted for larger bodies, is not essential. The important inquiry always is whether the number required by law have agreed to the particular measure. If this has been done in a way not inconsistent with statutory provisions, it is quite immaterial whether or not parliamentary procedure has been followed. *McGraw v. Whitson,* 69 Iowa, 348; *State v. Archibald,* 5 N. D. 359 (66 N. W. Rep. 242). The ruling of the mayor, sustained by the council, simply held that a vote could not be changed before the result had been announced. Such a rule has the approval of many deliberative assemblies, and, as applied to the election of municipal officers, seems to be open to very little, if any, objection. The very person for whom Weir had voted was declared chosen, so that he had no ground of complaint, unless he was insincere, and it will not do to receive such an excuse from a public officer. He should always act with an eye single to the discharge of his official duties. But, if this were needed, the statute settles the controversy by providing that the council "shall determine the rules of their own proceedings and keep a journal thereof, which shall be open to the inspection and examination of any citizen." Code, section 668.

II.—Had the record remained as written March 16th, we have no doubt it would have warranted the conclusion that Mann was elected. But at the next regular meeting it was corrected so as to read that Weir "was allowed to withdraw his vote and cast it for Mueller; that at said ballot there was no election." At that time the record had not been approved. The statute requires the clerk to "make an accurate record of all the proceedings had, rules and ordinances adopted by the council, and the same shall at all times be open to the public." Code, section 659. This record is undoubtedly the journal the council must keep, and the sections, construed together, mean no more than that the clerk shall keep an accurate record of proceedings, under the supervision of the council. The council, on hearing the record read by the clerk, ordered it corrected, and only as then modified was it ever approved by that body. We are quite clear that the statutes referred to contemplate the control of its own record of proceedings by the city council, and that until this had been approved, at the next succeeding regular meeting, it was open to such modifications as might be necessary to truthfully exemplify what had been done. See *City of Logansport v. Crockett,* 64 Ind. 319; 1 Dillon Municipal Corporation, section 294 *et seq.;* 15 Am. & Eng. Enc. Law, 1077. The *bona fides* or truthfulness of the correction is not questioned, and, in the absence of any showing to the contrary, the verity rather than the falsity of the record will be presumed. As it stands it fails to establish the election of the plaintiff, and the judgment is AFFIRMED.