### CHRIST HANSEN v. ST. PAUL GASLIGHT COMPANY.[1]

December 12, 1902.

Nos. 13,254—(162).

**Trial—Submission to Jury on Issues Litigated.**

When, in the progress of a trial, by declarations and admissions counsel has apparently waived the submission of certain propositions of law, and has apparently submitted the case upon certain other propositions only, it is not error for the court to submit the cause to the jury in accordance with the position thus assumed, unless it manifestly appears that such action was taken by counsel through inadvertence or mistake.

Appeal by defendant from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $2,000. Affirmed.

*How, Taylor & Mitchell*, for appellant.

*J. F. George*, for respondent.

LEWIS, J.

The plaintiff, owner of a number of greenhouses, commenced this action to recover damages for injury to his flowers and plants by reason of gas alleged to have escaped from defendant's mains;

[1] Reported in 92 N. W. 510.

and negligence is predicated upon the supposition that the gas mains were carelessly constructed and of weak and inferior material, and that they were laid in and along the public street adjoining plaintiff's premises so near the surface of the ground that the action of the frost caused leaks; also that defendant had failed to make proper inspection of the mains and keep them in repair. The defense was a general denial, and, the plaintiff having recovered a verdict, the case is brought to this court by defendant, and the assignments of error present two questions: Is the verdict supported by the evidence? Did the trial court commit error in submitting the case to the jury?

We think there was evidence in the case sufficient to support the verdict. While true that there is no direct evidence to indicate that the pipes were not made of the proper material and laid in the usual manner, yet there is testimony to the effect that from some cause they leaked badly in the vicinity of respondent's premises. It was stated by witnesses that the gas penetrated the houses on the opposite side of the street, affecting the occupants, and that it could be lighted at several points where it reached the surface of the ground. The effect upon the plants in the greenhouses was testified to by apparently credible witnesses, and, although the gas was not detected by its odor until after alleged repairs had been made by appellant upon the mains in that locality, yet the evidence tends to show that the injury to the plants had been caused by escaping gas. From all these facts it was for the jury to say whether the gas produced the damage, and whether it came from appellant's mains by reason of faulty construction or insufficient inspection and care.

The court, in substance, stated to the jury that the defense relied upon was that in fact gas had not escaped into the greenhouses in sufficient quantities to do any harm, and that the plants were injured from some other cause, and instructed the jury that it was for them to determine whether, in fact, any gas escaped in the manner alleged, and if so, what, if any, damage resulted. In respect to appellant's position the court made the following statement to the jury:

"Of course, gentlemen, it is not claimed here, as I understand, on the part of defendant, but that if its gas mains were in a defective condition, and, as a matter of fact, gas did escape from the gas mains and penetrate into the plaintiff's greenhouses, and did injury to these plants, but what the plaintiff would have a right to recover for such injury; but it plants itself squarely upon the claim that no such thing occurred."

Appellant claims this statement equivalent to a charge that if in fact gas did escape by reason of a defective condition of the pipes, appellant's liability was admitted, provided the gas caused the injury, and that its effect was to withdraw from the jury a consideration of the question of negligence.

We are not inclined to interpret the language of the court so broadly as insisted upon by appellant. We do not think, when fairly considered in connection with the charge as a whole, that there was any attempt to withdraw from the jury a consideration of the question of negligence by appellant in regard to the construction, inspection, and care of its mains. From the language used, it may be assumed that, as the court understood matters, appellant had waived any question as to its liability, if in fact the gas escaped as claimed by respondent. The method in which the defense was conducted, and certain declarations and admissions made during the course of the trial, justified the court in assuming that the cause was submitted to the jury upon the issue stated; and as no exceptions were taken to the court's instructions, nor any requests submitted in reference to the law on the question of negligence, the appellant is not in position to question the course pursued. If the court misunderstood the position of counsel, attention should have been called to the fact at the proper time.

Order affirmed.