Lawrence J. SMITH, Merritt E. Skidmore, George G. Hendricks, Appellants,

v.

The CITY OF FORT DODGE, Iowa, Albert Habhab, Mayor, Edmund Gillespie, Commissioner, and Lawrence Crowley, Commissioner; Joseph E. Brown and Glenn Machovec, Appellees.

No. 53033.

Supreme Court of Iowa.

July 18, 1968.

Johnson, Burnquist, McCormick & Erb, Fort Dodge, for appellants.

McCarville & Bennett, Fort Dodge, for appellees Joseph E. Brown and Glenn Machovec.

Donald J. Mitchell, Fort Dodge, for appellees Albert Habhab, Edmund Gillespie,

Lawrence Crowley, and City of Fort Dodge.

LARSON, Justice.

On September 10, 1957, the City of Fort Dodge, Iowa, enacted Ordinance No. 1126 creating a city plan commission under the authority granted it by chapter 373, Code of 1954. In substance, the ordinance was identical to the code provisions of chapter 373. The pertinent provisions of section 373.1 state: "The council of each city and town may by ordinance provide for the establishment of a city plan commission for such municipality, consisting of not less than seven members, who shall be citizens of such municipality * * *."

On June 9, 1959, the city adopted Ordinance No. 1152, which established a zoning commission by authority granted under chapter 414, Code of 1958. Pursuant to the authority granted under section 414.6, the council appointed the members of the already-existing city planning commission as the sole members of the city zoning commission. Thus, for all practical purposes the respective commissions were one and the same.

On March 1, 1960, the city enacted Ordinance No. 1160, which contained a detailed and comprehensive plan for zoning encompassing building restrictions and zoning classifications of all the property within the city.

On January 23, 1967, Joseph E. Brown and Glenn Machovec, two of the defendants, filed a petition to amend Zoning Ordinance No. 1160 so as to change their properties from Zone R–1, single family dwellings, to Zone R–3, multi-family dwellings, and paid the prescribed fee. Although Zoning Ordinance No. 1160 had been previously amended several times, none of those changes related to this area.

On January 24, 1967, the city council referred the petition to the zoning commission and at its regular meeting of February 14, 1967, with four of the members present, voted unanimously to recommend a zoning change which included the property listed in the petition. No notice or public hearing was held prior to that action by the commission.

Thereafter, on April 4, 1967, pursuant to due and timely notice, the council held a hearing on the matter and petitions for and against the change were received. Thirty-two persons were present. Attorneys for both applicants and objectors were heard, and everyone who desired to speak had an opportunity to do so. The council then took the matter under consideration. Later at an executive meeting Gillespie, one of the three council members, moved that the request for the zoning change be granted, but this motion was not seconded and the matter was not pursued at that time.

On April 18, 1967, at a regular council meeting the recommendation of the zoning commission to grant the rezoning of this property was approved and an amending ordinance, No. 1252, was considered and passed. The second and third readings of Ordinance No. 1252 were waived and it was declared adopted by unanimous vote and became effective upon publication on April 20, 1967. On that same date plaintiffs filed a petition praying that a writ of certiorari issue annulling the action of the city council on the grounds that it acted illegally. An ex parte order for the writ and a temporary injunction enjoining construction of a nursing home on the tract in question were obtained.

Pursuant to a hearing on August 28, 1967, the trial court dismissed plaintiffs' petition and dissolved the injunction. They appeal. We affirm.

The sole issue in this appeal is whether the city lacked jurisdiction or acted illegally in rezoning the tract of land in question. Appellants contend inter alia (1) that the zoning and planning commission at the time of its action herein had less than seven members as required by statute and ordinance and could not officially act, (2)

that the requested zoning change in this area was a substantial change in the comprehensive zoning plan requiring a notice and hearing not fulfilled, and that the required two-thirds affirmative vote of approval before the commission could make its recommendation to the council did not appear, (3) that the council action on this petition was complete and final when the motion to grant the request was lost for lack of a second, making further action thereon invalid, and (4) that the council's action was arbitrary and capricious.

■ I. Certiorari is an action in law. Questions or findings of fact by inferior tribunals are generally not reviewable on certiorari. Staads v. Board of Trustees, etc., Iowa, 159 N.W.2d 485, filed June 11, 1968, and citations; Grant v. Norris, 249 Iowa . 236, 253, 85 N.W.2d 261, 271; Iowa–Illinois Gas and Elec. Co. v. Gaffney, 256 Iowa 1029, 1033, 129 N.W.2d 832, 834. A review of the facts, then, is for the purpose of determining whether the inferior tribunal's decision is supported by any competent evidence. Lineberger v. Bagley, 231 Iowa 937, 941, 2 N.W.2d 305, 307; Circle Express Co. v. Iowa State Commerce Comm., 249 Iowa 651, 654, 86 N.W.2d 888, 890–891; Koelling v. Board of Trustees etc., 259 Iowa 1185, 1206, 146 N.W.2d 284, 296–297; Staads v. Board of Trustees, supra.

■ The burden rested on the plaintiffs to show the council exceeded its jurisdiction or otherwise acted illegally. Adams v. Braginton, 159 N.W.2d 479, filed June 11, 1968; Staads v. Board of Trustees, supra; Sueppel v. Eads, Iowa, 156 N.W.2d 115, 117, and citations.

As appellants concede, this type of action did not permit the introduction of evidence as to the character of the surrounding property, but they argue this entire tract was zoned R–1 as indicated by the comprehensive plan of Ordinance No. 1160 and the plat introduced. That this area included substantial nonconforming uses is not questioned, but appellants contend they

would eventually be eliminated, and the 74 objecting property owners indicate a desire by neighboring residents to keep this area R–1 residential property.

This showing failed to convince the city council or the trial court that this action was arbitrary and unreasonable, and not for the purpose of promoting the public health, safety and general welfare.

■ II. Under the police power zoning is a matter within sound legislative discretion and, if the facts do not show the bounds of that discretion have been exceeded, it must be held that the action of the legislative body, here the council, is valid. Keller v. City of Council Bluffs, 246 Iowa 202, 66 N.W.2d 113, and citations. In Keller, at page 207 of 246 Iowa, at page 116 of 66 N.W.2d, we stated: "We are of the opinion the governing body of a municipality may amend its zoning ordinances any time it deems circumstances and conditions warrant such action, and such an amendment is valid if·the procedural requirements of the statutes are followed and it is not unreasonable or capricious nor inconsistent with the spirit and design of the zoning statute." See also McQuillin, Municipal Ordinances, Chapter VII; McQuillin, Municipal Corporations, section 25.245.

■ Furthermore, there is a presumption of validity of the amending ordinance which presupposes all necessary procedure was followed by the designated officers. Moreno v. Vietor, Iowa, 156 N.W.2d 305, 309, and citations. As pointed out by appellees, this is a natural presumption because the ultimate decision on its adoption is that of the council. Unless, then, it affirmatively appears council action is tainted by some illegality, its action on this discretionary matter is final and valid.

III. On many occasions we have adequately reviewed the zoning laws of this state. Among those cases are Keller v. City of Council Bluffs, supra; Hermann v. City of Des Moines, 250 Iowa 1281, 97 N.

W.2d 893, and citations. The case at bar, however, presents for the first time certain questions involving sufficient compliance with procedural requirements.

Appellants maintain that the city acted illegally because it did not follow the procedural requirements of section 373.1, Code of 1966, and City Ordinance No. 1126. The pertinent portions of section 373.1 are as follows: "The council of each city and town may by ordinance provide for the establishment of a city plan commission for such municipality, *consisting of not less than seven members, who shall be citizens of such municipality * * *.*" (Emphasis added.) This provision found in Ordinance No. 1126 is identical to section 373.1.

The record disclosed that at the time Ordinance No. 1252 amending Ordinance No. 1160 was adopted, there were only five qualified members on the city planning commission. One had resigned and had not yet been replaced, and another, Gaylord Larson, had moved beyond the city limits and was no longer a resident or citizen of Fort Dodge. Larson was not present and took no part in these proceedings.

■ Appellants argue that since there were only five qualified members on this joint commission at the time the amendment to Ordinance No. 1160 was adopted, the commission was not legally constituted, and thus the action of the council in approving and adopting its recommendation was illegal. They contend that the words of section 373.1 and Ordinance No. 1126 are explicit and require that there be at least seven members on this commission at all times. We do not agree. The law requires the affirmative action of a designated number of qualified members of this commission, and when such appears as required by law, an unfilled vacancy on the commission membership has no effect upon the otherwise legal conclusions reached by it.

Section 373.3 provides for the filling of such a vacancy, but we are satisfied the legislature did not intend inaction by the appointing authority to fill each vacancy immediately would render the commission powerless to act.

■ The trial court found the fact that one member was not a resident of the city was, in effect, harmless error since he was not present or voting at the meeting in question. We agree, and do not believe the fact that these vacancies were not promptly filled requires a conclusion that there was any illegal action by the council in adopting Ordinance No. 1252. To so hold would render ineffective the council's action during vacancies, absences, and other situations when members might not be entitled to vote, and we decline to do so. Moreover, such a holding, obviously, would unduly burden, restrict, and impair the action of a commission, board, or council, and could prove disastrous in situations where immediate action is required. In the absence of specific legislative direction we are satisfied no such vacancy is vital to commission action, and find no such direction in our law.

IV. Appellants' second contention, perhaps the nub of this controversy, is that the council acted illegally in adopting the change set out in Ordinance No. 1252 upon the recommendation of the planning commission, because that recommendation was made without holding a public hearing as required by sections 373.19 and 414.6 and their counterparts, Ordinances Nos. 1126 and 1152. A corollary contention is that under section 373.19 the council acted illegally because the recommendation of the planning commission was not made pursuant to a two-thirds majority vote as required by section 373.19 of the Code, 1966.

Section 373.19 provides in part: "Before adopting * * * any *substantial amendment* * * * the commission *shall hold at least one public hearing* thereon, *notice of the time of which shall be given by one publication* in a newspaper of general circulation in the municipality * * *. The adoption of the * * * amendment * *

shall be by resolution of the commission *carried by the affirmative vote of not less than two-thirds* of the members of the commission." (Emphasis added.)

Chapter 414 provides for municipal zoning and section 414.6 provides: "In order to avail itself of the powers conferred by this chapter, the council shall appoint a commission, to be known as the zoning commission, *to recommend* the boundaries of the various *original* districts, and appropriate regulations and restrictions to be enforced therein. * * * Such commission shall, with due diligence, prepare a *preliminary report* and *hold* public hearings thereon before submitting its *final* report; and such council shall not hold *its* public hearings or take action until it has received the *final report* of such commission. *After* the adoption of such regulations, restrictions, and boundaries of districts, the zoning commission *may*, from time to time, recommend to the council *amendments, supplements, changes, or modifications*." (Emphasis added.) It will be noted this section does not specifically require public hearings for those latter modifications, and thus we are faced with the question of whether a minor change such as we have here requires notice or hearings before the commission's recommendation can be considered by the council.

Admittedly, there was no notice given or public hearing held on this proposed change by the zoning commission, and the vote of the members present, although unanimous, would not amount to two-thirds of the commission membership.

As indicated, we are satisfied the requirements of sections 373.19 and 414.6 are restricted to the original comprehensive zoning ordinance and to "substantial" amendments, which means general modification of the zoning districts or regulations in that law, not isolated, minor, or individual changes such as appear herein.

■ The trial court correctly concluded these requirements related only to major

changes in the comprehensive plan and that Ordinance No. 1252 did not amount to such a change.

■ In reading a statute we are required to give words of common usage their commonly-understood meaning unless it is clear from a reading of the statute that a different meaning was intended, or unless such construction would defeat the manifest intent of the legislature. Highland Perpetual Maintenance Soc., Inc. v. Bankers Trust Company, 254 Iowa 164, 172, 117 N.W.2d 57, 61, and many citations; Consolidated Freightways Corp. of Delaware v. Nicholas, 258 Iowa 115, 120, 137 N.W.2d 900, 904; Becker v. Board of Education of Benton County, 258 Iowa 277, 285, 138 N.W.2d 909, 913; Sioux Associates, Inc. v. Iowa Liquor Control Comm., 257 Iowa 308, 311, 132 N.W.2d 421, 424.

■ Similarly, in construing a statute, the meaning of doubtful words may be ascertained by reference to the meanings of words associated with them under the rule of "noscitur a sociis" unless such interpretation would defeat the manifest intent of the legislature. Geer v. Birmingham, D.C., 88 F.Supp. 189, reversed 8 Cir., 185 F.2d 82, certiorari denied 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686; State v. Bauer, 236 Iowa 1020, 1022, 20 N.W.2d 431, 432, and citations.

Apparently this is the first time we have had before us a question as to the meaning of section 373.19. Specifically, we seek the interpretation of the words "substantial amendment" in that section. A careful review of our case law reveals that we have never had occasion to define "substantial", but have attempted to define "substantially." See Hardin County v. Wells, 108 Iowa 174, 176, 78 N.W. 908, 909. Webster defines "substantial" as follows: "3. That is of moment; essential; material * *. 6. That is such in substance or in the main * * *. 10. Of or pertaining to the substance or main part of anything."

Webster's New International Dictionary, Second Edition (1957).

It has also been said the word "substantial" is a relative and not exact term subject to a rule of thumb. It is susceptible of different meanings according to the circumstances of its use. In considering the word, it must be examined in its relation and context, and its meaning gauged by all the surrounding circumstances. Busch v. Service Plastics, Inc., D.C., 261 F.Supp. 136, 142; State v. Pahl, 254 Minn. 349, 95 N.W.2d 85, 89. See also 83 C.J.S. Substantial, p. 762; 40 Words and Phrases, p. 493.

The circumstances herein that must be considered, among others, are the size of the tract to be rezoned, the new use for which the property is rezoned, and the effect upon the community as a whole. We have carefully examined these and other relevant circumstances revealed in this brief record. We believe the showing that this amendment rezoning approximately two city blocks by one block, or some 4.9 acres in a city of 15 square miles, from R–1 single family residence to R–3 multifamily residence classification, although objected to by a number of citizens, alone is insufficient to establish it as a "substantial amendment" to the comprehensive plan as contemplated by the legislature, and thus the requirements of section 373.19 are not applicable.

■ V. In their third proposition appellants contend the council took final action, rejecting the petition and the amendment, when there was no second to one member's motion to approve the same subsequent to the open hearing. This, they say, terminated the matter and no further action could be taken thereon, that a new beginning was required. We cannot agree. The motion referred to was made by one member in executive session after the matter was taken under advisement. The failure of a second may have indicated the others desired to more fully consider the question before voting thereon. At least, it

is far from clear that this action was considered final by the council or the concerned parties. The trial court concluded the failure to obtain a second did not amount to a denial or rejection of the amendment, and we agree. The matter was brought up at the next regular meeting of the council and the action then taken must be considered the final action. See McGraw v. Whitson, 69 Iowa 348, 350, 28 N.W. 632, 633; Mann v. City of Le-Mars, 109 Iowa 251, 254, 80 N.W. 327, 328; 62 C.J.S. Municipal Corporations §§ 407, 409b, 419a(2), 419b. Our conclusion, however, is not to be taken as holding a council may not at a future session reconsider the action previously taken by it.

Appellants cite many cases which they claim support their proposition, but we find them readily distinguishable. Each dealt with actions then before the concerned body for *final* disposition. In any event, we are satisfied there was no previous final action taken by the council here and that the action on April 18, 1967, was regular and proper procedurally.

VI. In their final proposition appellants contend that Ordinance No. 1252 is illegal in that it is arbitrary, unreasonable, discriminatory, and confiscatory, and not for the purpose of promoting the public health, safety and general welfare.

■ Although it is true this type of action does not permit the introduction of evidence as to the character of the surrounding property, as previously pointed out herein, the burden was upon appellants to show that the council here acted illegally or lacked jurisdiction to consider the amendment. We find in this record no sufficient showing that the council abused its discretion or that its action was arbitrary or capricious. In certiorari it is neither the function nor the privilege of the court to pass upon the wisdom or soundness of an inferior tribunal's discretion, but its review is restricted to jurisdiction and legality. Butler v. Pension Board of Police Dept., 259 Iowa 1028, 1035, 147 N.

W.2d 27, 30. Nowhere does it appear the rezoning would not promote the public health, morals, safety, or general welfare, and in the absence of a showing to the contrary by appellants, we must accept the judgment of this legislative body.

In Keller v. City of Council Bluffs, supra, 246 Iowa 202, 66 N.W.2d 113, we discussed the power as well as the legal restrictions upon the authority of the city council to amend a comprehensive zoning law, and held in the absence of a showing that the lot or tract rezoned was discriminatory and unjust, the council's discretion and decision in making such amendments should be upheld. We need not repeat that discussion and holding at this time. We are satisfied no sufficient showing of illegality was made in the matter at hand and that the trial court's dismissal of this action must be affirmed.

Affirmed.

All Justices concur.