Robert W. SMITH and Lorrayne A. Smith, a/k/a Lorrayne Koerperick; Dane E. Smith and Nicolette H. Smith; John Christensen and Verna Christensen; S. Frank Murray and Betty L. Murray; William H. Smith and Elizabeth G. Smith; Reuben Pirner and Jean Pirner; Richard Strub and Louise Strub; Ulysses S. Lewis and Marie G. Lewis; James N. Clark and Pauline D. Clark; and Guy A. Gard and Judith A. Gard, Appellants,

v.

The CITY OF DUBUQUE, Appellee.

No. 84–1318.

Supreme Court of Iowa.

Nov. 13, 1985.

---

David C. Bauer and James M. Heckmann of Bauer and Heckmann, P.C., Dubuque, for appellants.

Barry A. Lindahl, Corporate Counsel, Dubuque, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ and WOLLE, JJ.

McCORMICK, Justice.

The district court entered summary judgment for defendant City of Dubuque in an action by plaintiff property owners seeking to enjoin enforcement of special assessments against their property for a paving project. The court of appeals reversed the district court on the ground the City lacked jurisdiction to approve the paving project on a motion to reconsider at a special council meeting without a new notice to the property owners. We find that the procedures did not invalidate the council action. Therefore we vacate the decision of the court of appeals and affirm the district court.

Plaintiffs' property abuts Victoria Street in Dubuque. In May 1984 the city council gave preliminary approval to a paving project which included Victoria Street. Proper notice was given to affected property owners of a public hearing on the project scheduled before the council on June 4, 1984. Prior to the hearing property owners representing 58.6 percent of the proposed assessments filed objections. At the hearing the council voted five-to-two in favor of an amended resolution that would have deleted Victoria Street and three others from the project. The resolution failed because it required for passage the affirmative vote of three-fourths of the council members pursuant to Iowa Code section 384.51 (1983).

The council subsequently voted to recess the meeting until June 8, 1984. Property owners were not given any additional notice. At the June 8 meeting the council entertained and passed a motion to reconsider the resolution of necessity. The resolution was amended to include all of the streets in the original plan, including Victoria, but not including Lincoln Avenue. This resolution passed on a six-to-one vote which was a sufficient majority to constitute approval under the statute.

Plaintiffs subsequently brought the present action in equity to enjoin the project as it affected them. They alleged that the failure of the council to give them

statutory notice of the June 8 meeting violated their rights under Iowa Code chapter 384 and their due process rights under Article 1, section 9 of the Iowa Constitution and the fourteenth amendment of the United States Constitution.

The City moved for summary judgment. Affidavits and documents were filed in support of the motion. Plaintiffs resisted the motion and it came on for hearing. In resisting the motion plaintiffs contended that the council's action approving the project violated Code section 384.51 and Dubuque ordinance section 2–48 relating to motions to reconsider. The district court held that the statute was not violated and that any violation of the ordinance did not invalidate council action approving the project. Plaintiffs appealed.

We transferred the case to the court of appeals which reversed the district court. The court of appeals held that the city ordinance established a due process right in plaintiffs which was violated when the council approved the project without giving a new statutory notice of the June 8 meeting. We now review the decision of the court of appeals.

I. *The statutory claim.* In relevant part, section 384.51 requires that the council meet "as specified in the published notice, and after hearing all objections and endorsements from property owners and other persons having an interest in the matter, and after considering all filed, written objections, may adopt or amend and adopt the proposed resolution of necessity, or may defer action until a subsequent meeting...."

■ Plaintiffs contend that a second notice procedure was required prior to the passing of the amended resolution at the June 8 meeting. This court rejected a similar contention in *Slater v. Incorporated Town of Adel,* 324 N.W.2d 482, 485 (Iowa 1982), holding that section 384.51 "does not require a second notice if the size of the project in the proposed resolution of necessity is reduced by amendment and there is no increase in an assessment against a lot or added public improvements." The first

notice informed plaintiffs of the nature of the improvement, identified the affected property, and gave the property owners and other interested persons an opportunity to be heard. The statute requires the notice to be given before the hearing but does not require final council action at that time. It expressly authorizes adoption of the resolution at a subsequent meeting.

■ Moreover, the June 8 special meeting was a continuation of the June 4 meeting. The council voted at the June 4 meeting to recess the meeting until June 8. In these circumstances the June 8 meeting is treated as a continuation of the earlier meeting and any business that could be considered at the June 4 meeting could properly be considered at the June 8 adjourned session. *See McMurray v. City of Pella,* 246 Iowa 313, 316, 67 N.W.2d 620, 622 (1954); *Moore v. City Council of City of Perry,* 119 Iowa 423, 426, 92 N.W. 510, 512 (1903); C. Rhyne, *The Law of Local Government Operations,* § 5.5 at 76 (1980).

We agree with the district court that no statutory violation was shown.

II. *The ordinance claim.* Motions to reconsider council action are provided for in section 2–48 of the city ordinances:

A motion to reconsider shall not be entertained except on the same day, or at the next succeeding regular meeting after the day on which the vote was taken and shall be made only by a member who voted with the majority.

In reversing the district court, the court of appeals said that compliance with this provision was a due process requirement. The court found the ordinance was violated because the motion to reconsider was not entertained on June 4 or at the next regular meeting. The court held that the council was obliged either to follow the ordinance or provide a new statutory notice of the meeting at which the project was to be considered. Because the court found the ordinance was not followed and new statutory notice was not given, the court ruled

that the council lacked jurisdiction to pass the resolution at the June 8 meeting.

 This holding misconceives the nature and purpose of the ordinance. The ordinance establishes a rule of parliamentary procedure designed to foster the orderly conduct of council business. A motion to reconsider is a means for enabling a majority in an assembly, "within a limited time and without notice, to bring back for further consideration a motion which has already been voted on." *Robert's Rules of Order* § 36 at 265 (1923). The ordinance thus is not a notice requirement, and it does not establish a due process right in the public.

 Because parliamentary rules are adopted by a council to govern its internal procedures, the procedures may be waived by the council: "The important inquiry always is whether the number required by law have agreed to a particular measure. If this has been done in a way not inconsistent with statutory provisions, it is quite immaterial whether parliamentary procedure has been followed." *Mann v. City of LeMars*, 109 Iowa 251, 254, 80 N.W. 327, 328 (1899).

It is generally recognized that a "council may abolish, suspend, modify or waive its own rules. This also may be done by implication, when action is had not in accordance therewith." 4 E. McQuillan, *The Law of Municipal Corporations* § 13.42 at 749–50 (3d ed.1985). Consequently courts ordinarily will not invalidate council action taken in disregard of a parliamentary rule, provided the action complies with statutory requirements. *See McGraw v. Whitson*, 69 Iowa 348, 350, 28 N.W. 632, 633 (1886); *Pasadena v. Paine*, 126 Cal.App.2d 93, 271 P.2d 577 (1954); *Kankakee v. Small*, 317 Ill. 55, 147 N.E. 404 (1925); *Coleman v. Louison*, 296 Mass. 210, 5 N.E.2d 46 (1936). Cases relied on by plaintiffs do not involve parliamentary rules and are thus inapposite.

The entertaining of the motion to reconsider at the adjourned meeting rather than at the next regular council meeting did not violate the governing statute and did not invalidate the council action approving the resolution. Plaintiffs acquired no vested right from the failure of the resolution to pass at the first meeting. We hold that the district court did not err in sustaining the City's motion for summary judgment.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT AFFIRMED.